391 P.2d 925

DeVRY BRICK COMPANY, Inc., an Arizona Corporation, Clarence E. Radcliff, Fred Catron, Raymond Nagel and J. Knox Corbett Lumber Company, Inc., Appellants,

v.

Max MORDKA and Flora Mordka, husband and wife, and Western Casualty & Surety Company, Appellees.

No. 7187.

Supreme Court of Arizona.

In Division.

April 29, 1964.

Richard J. Dowdall, Conner, Jones & Murphy, Tucson, for appellants.

Spaid, Fish, Briney & Duffield, Tucson, for appellees.

LOCKWOOD, Vice Chief Justice.

The DeVry Brick Company, Clarence E. Radcliff, Fred Catron, Raymond Nagel, and the J. Knox Corbett Lumber Company (hereafter referred to as the appellants) sued Max Mordka and Flora Mordka (hereafter referred to as the lessors). The appellants are materialmen seeking to enforce their mechanics' liens on property formerly leased to Leon R. Magee and Melvenia S. Magee (hereafter referred to as the lessees). In the alternative, the appellants seek to impose a constructive trust on the proceeds of the bond held by the Western Casualty and Surety Company (hereafter referred to as the surety). The trial court, relying on Mulcahy Lumber Co. v. Ohland, 44 Ariz. 301, 36 P.2d 579 (1934), granted summary judgment for the lessors. This appeal resulted.

The facts are as follows: The lessors owned certain business property and entered into a ninety-nine year lease of such property with the lessees. This lease, among other things, provided that the les-

sees, at their own cost, should make extensive improvements within twelve months in accordance with plans and specifications to be approved by both the lessors and lessees.[1] The lease also provided that the lessees should furnish a performance bond, in favor of the lessors, guaranteeing that "said remodeling shall be completed on said premises in accordance with the plans and specifications above incorporated herein within the time limited and that upon completion of said remodeling said premises shall be free and clear of all liens for labor and/or materials used in said remodeling."

The lessees entered into an agreement with the surety and then commenced making improvements. The materials and labor for the improvements were secured from the appellants. The lessees defaulted and the lessors went back into possession of the premises. The surety paid to the lessors $30,000 as compensation for the lessees having breached the lease. Appellants filed this action asking that their mechanics' and materialmen's liens be adjudged valid liens against the lessors' interest in the property, or that the lessors and the surety be adjudged constructive trustees of the amounts appellants claim are due to them.

In Mulcahy Lumber Co. v. Ohland, supra, this Court held that ordinarily a lien for material used on leased premises by the lessee is not good against the interest of the lessor, except when the facts show that the lessee acted as the agent of the lessor in ordering the material. Appellants contend that the provision in the instant lease requiring the lessors' approval of plans and specifications brings the instant case within the exception to the Mulcahy rule. The lessors, on the other hand, contend the Mulcahy rule applies because the lease provided that the lessees were obligated to pay the materialmen from their own funds.

The instant case is governed by the principles set forth in the Mulcahy case. This Court stated in Mulcahy at 304 of 44 Ariz., at 580 of 36 P.2d:

"In most of those [states] where the statute is similar to ours [A.R.S. § 33–981] the substance of the decisions seems to be that where a tenant is compelled by the terms of his lease to make certain improvements, he is, as a matter of law, thereby created the

1. This provision of the lease reads as follows: "The Lessees shall, at their own cost, remodel and improve the building on the demised premises in accordance with plans and specifications which shall be approved in writing by both Lessors and Lessees. It is understood and agreed that the plans and specifications shall be in general conformity with the original lay-out sketch and tentative plans and specifications attached hereto and made a part thereof. Said remodeling shall be completed and the building ready for occupancy within twelve (12) months from the date of this lease, unless prevented by accident, war, or unavoidable causes and in such case as soon thereafter as practicable."

agent of the lessor for that purpose, so far as the lien laws are concerned."

The Annotator's Note to A.R.S. § 33–981 indicates this statute was adopted from Oregon. This Court noted in Wylie v. Douglas Lumber Co., 39 Ariz. 511, 517, 8 P.2d 256, 258, 83 A.L.R. 918 (1932), that the language of our statute is substantially similar to the California statute and, therefore, "the construction placed thereon by the California courts should be very persuasive, if not controlling." Cases from both Oregon and California hold that, where a lease requires the lessee to make improvement upon the leased premises, the lessor's interest is subject to mechanics' and materialmen's liens. See Ott Hardware Co. v. Yost, 69 Cal.App.2d 593, 159 P.2d 663 (Calif.1945); Oregon Lumber & Fuel Co. v. Nolan, 75 Or. 69, 143 P. 935 (Ore.1914).

The terms of the lease in the instant case created an agency relation between the lessors and the lessees for the purposes of the lien laws. The lessees were not only obligated to improve the lessors' property, but these improvements had to be undertaken in accordance with plans and specifications approved by the lessors. Consequently, the lessees became the agents of the lessors pursuant to the statute.

Judgment reversed.

UDALL, C. J., and STRUCKMEYER, J., concur.