419 P.2d 81

Robert MILLS dba Arizona Custom Kitchens, Appellant,

v.

UNION TITLE COMPANY, an Arizona corporation, Delta Properties, Inc., an Arizona corporation, Clearwater Hills Land Company, an Arizona corporation et al., Appellees.

No. 8108.

Supreme Court of Arizona.

In Banc.

Oct. 13, 1966.

Powell B. Gillenwater, Charles R. Johnston and William J. Francy, Phoenix, for appellant.

D. Kelly Turner and Lewis B. Moore, Jr., Scottsdale, for appellees.

UDALL, Justice.

Robert Mills, dba Arizona Custom Kitchens (hereafter referred to as appellant) brought this action against Union Title Company and Clearwater Hills Land Company (hereinafter referred to as vendors). Appellant seeks to foreclose a mechanic's lien on property which Delta Properties, Inc. (hereinafter referred to as vendee) had previously been in possession of as the vendee under an executory contract of sale with the vendors. Certain undisputed facts were established by written admissions, whereupon the cause was submitted to the court with the stipulation that there was no dispute as to any material fact and that the cause had been resolved into a question of law. The lower court then decided the suit on the basis of cross-motions for summary judgment, under the provisions of Rule 56, Arizona Rules of Civil Procedure, 16 A.R.S., in favor of vendors and this appeal resulted.

On November 1, 1960, Clearwater Hills Land Company, as seller, and Delta Properties, Inc., as buyer, entered into an escrow with Lane Title and Trust Company, predecessor to Union Title Company as escrow agent for the sale of a lot in the Clearwater Hills Subdivision. Lane Title and Trust Company was the record owner of the lot at that time as trustee for Clearwater Hills Land Company. The escrow agreement was the only contract existing between vendors and vendee and its terms provided for a purchase price of $15,500.00, with $100 of this sum to be paid direct to seller outside of escrow. After the escrow agreement was executed the vendee commenced construction of a residence on the property and the appellant furnished certain labor and materials. In the latter part of August, 1961, vendee violated the terms of the escrow whereupon the vendors declared a forfeiture of vendee's rights under the contract and went back into possession of the property. Meanwhile, the vendee had become defunct as a corporation on April 10, 1961, after which, on December 29, 1961, appellant filed a notice and

claim of lien. It is that lien which appellant seeks to foreclose.

There are two assignments of error presented to us on this appeal. The first is that the court erred in its interpretation of the escrow agreement in determining that the vendee thereunder had no obligation to construct a residence on the subject land. The escrow instructions in question read as follows:

"It is agreed and understood * * * that the compliance date and the close of escrow date shall be 5/1/62 or at the time of transfer of title or any interest therein—other than for the purpose of placing a construction mortgage—or at the time of occupancy by anyone, whichever is sooner, and whichever conditions occur first.

"The buyers herein may deed-out, deed-in for the purpose of placing a construction mortgage on subject property provided however:

"The said mortgage does not exceed $30,000.00.

"The sellers approve size and aesthetic value—said approval to be in writing and placed into escrow.

"The sellers approve the building and loan agreement in connection with said construction mortgage—said approval to be in writing and placed into escrow.

"That buyers furnish lien waivers to the mortgagee or escrow agent for all funds received, including construction draws.

"It is further agreed and understood that the buyers herein must start construction on subject property by 12/1/60 or this escrow shall become null and void, at the sellers option, and that buyers shall forfeit any monies paid."

The lower court's interpretation of the escrow instructions, as stated in its order for judgment, reads:

"The seller was willing to subordinate its purchase price to a construction loan. The seller understandably limited the amount of the loan, reserved the right to approve the plans, and reserved the right to approve the financing. This is logical for the protection of the seller's subordinated security in relation to the purchase price. With a nominal down payment the seller reserved the right to reguire that construction proceed promptly * * *. There was no obligation on the part of Delta to build. If Delta failed to build the nominal down payment would have been the extent of the loss sustained by Delta. There was no obligation on the part of Delta to build as a part of the consideration for the agreement."

In support of the trial court's construction of the contract of sale vendors assert that by merely inquiring as to the effect of vendee's failure to build, one sees that the agreement did not obligate vendee to build the residence subject to purchase. Vendee had two alternatives in such a situation: one, to terminate the sale upon a nominal penalty of forfeiting the $100 deposit, or two, consummate the sale by paying the $15,400 purchase price in full. Vendors contend that the provisions relating to the proposed construction, when viewed in this manner, were but limitations upon the vendee's rights until the purchase price was paid, that is, protective measures as the lower court noted, and they were not affirmative obligations imposed in addition to the payment of the price.

In arguing that the proper interpretation of the escrow agreement is that the vendee was under an obligation to build, appellant contends that the escrow instructions, which provide for "a compliance date and close of escrow" of May 1, 1962, imply that the balance of the purchase price was to be paid on or before that time. Yet, the instructions further provide that the buyers must start construction on the property by December 1, 1960, or the escrow shall become void, at the sellers' option, and the buyer shall forfeit any money paid. Appellant claims it is clear from the above contract provisions that the beginning of construction was actually required one year and five months before the time set for

compliance by the vendee with the other obligations imposed upon it by contract. Such a conclusion is further substantiated by the fact that one of the two conditions which would accelerate the close of escrow was "occupancy by anyone", to which, of course, construction of a building is a condition precedent.

After due consideration we are of the opinion that the trial court erred in its interpretation of the escrow agreement. We are convinced that vendors did not have a mere expectation that the purchaser would make improvements upon the land and thus enhance its value; nor do we think that the vendors merely gave vendee permission to build a residence at vendee's option. The terms of the contract leave no doubt as to the vendee's obligation to construct a house before a certain date, and furthermore they expressly require it to be constructed according to plans and specifications approved by vendors, or vendee forfeits any rights which it had under the contract of sale. In view of the above and the nominal size of the earnest deposit, it is apparent that the vendee's construction of the residence was a part of the consideration flowing to vendors.

The second assignment is the court erred in holding that the vendee was not constituted the agent of the vendor for purposes of mechanics' and materialmen's liens within the meaning of Arizona Revised Statute 33–981. Appellant contends that while it appears to be virtually undisputed that a mere vendee under a contract for the sale of real property is not the agent of the owner within the meaning of mechanics' and materialmen's lien statutes, so as to bind the interest of the vendors in the property as to materials or labor furnished at the instance of the vendee, there is a well recognized exception to this rule; and, that the exception applies to the case before us since we found it was obligatory for the vendee to construct a residence upon the real property which was the subject of the contract of sale.

"However, where the contract obligates the vendee to erect buildings or make other improvements, the contract constitutes the vendee the 'agent' of the vendor in making the improvements, under a statute giving a lien for work done under a contract with the owner or his agent, and therefore subjects the estate of the vendor to mechanics' liens for work done or material furnished." 36 Am.Jur., Mechanics' Liens § 90.

The specific point raised by appellant is one of first impression for this Court, but in the recent case of DeVry Brick Co. v. Mordka, 96 Ariz. 70, 391 P.2d 925, we dealt with an analogous situation. Therein, a materialman sought to enforce a mechanic's lien against the lessor's interest in property leased with an express provision in the lease that the lessees, at their own cost, should make certain extensive improvements within a certain period in accordance with plans and specifications to be approved by both lessors and lessees. In reliance on the principles set forth in Mulcahy Lumber Co. v. Ohland, 44 Ariz. 301, 36 P.2d 579, we held in the DeVry case at page 72 of 96 Ariz., at page 926 of 391 P.2d:

"The terms of the lease in the instant case created an agency relation between the lessors and the lessees for the purposes of the lien laws. The lessees were not only obligated to improve the lessors' property, but these improvements had to be undertaken in accordance with plans and specifications approved by the lessors. Consequently, the lessees became the agents of the lessors pursuant to the statute."

The facts of the case at bar are strikingly similar to those in the DeVry case and furthermore, we are unable to ascertain any reasons, and counsel have not cited us to any, for applying a different rule to a vendor-vendee situation than to a situation involving a lessor-lessee. The rationale behind the imposition of liability on the lessor in the one instance or the vendor in the other is the same, that is, where a contract for the sale of real estate or a lease

of such obligates the vendee or lessee to erect a building, the vendee or lessee is constituted the agent of the vendor or lessor because in such circumstances the vendor or lessor is the person who causes the building to be constructed within the terms of the statute. He is held liable for the reasonable value of the labor or materials furnished if such became incorporated in the structure for which they were intended. In this way, there is no unjust enrichment to the vendor or lessor and the laborers and materialmen who enhanced the value of another's property are protected in accordance with the purpose of our statute. We thus conclude herein that vendee was constituted the agent of vendors under Arizona Revised Statute 33–981, and therefore, the estate of vendors is subject to appellant's mechanics' lien.

Judgment of the lower court reversed and the cause remanded with instructions for the court below to grant appellant's motion for summary judgment.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFARLAND, JJ., concur.