759 P.2d 602

**SCOTTSDALE MEMORIAL HEALTH SYSTEMS, INC., An Arizona corporation, Plaintiff/Counter–Defendant/Appellant,**

v.

**Lawrence G. CLARK, individually and dba Larry Clark Construction Co.; Dorothy Clark, wife of Lawrence G. Clark, Defendants/Counter–Claimants/Appellees.**

No. 2 CA–CV 5956.

Court of Appeals of Arizona,
Division 2, Department A.

March 3, 1987.

Mariscal, Weeks, McIntyre & Friedlander by Phillip Weeks, Donald N. McIntyre and Michael S. Rubin, Phoenix, for plaintiff/counter-defendant/appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C. by Larry L. Smith and Philip C. Gerard, Scott M. Clark, Phoenix, for defendants/counterclaimants/appellees.

## OPINION

HATHAWAY, Chief Judge.

Appellant, Scottsdale Memorial Health Systems, Inc. (SMHS), challenges the validity of a mechanic's lien filed against a medical office building and the real property on which it is located. Appellant purchased the property while appellees were in the process of litigating the amount and validity of the lien. SMHS now contends that it took the property free and clear of the mechanic's lien. We disagree and affirm.

Lawrence Clark, on behalf of Larry G. Clark Construction Company (referred to collectively as Clark) entered into a contract with North Scottsdale Associates No. 3 Limited Partnership (NSA No. 3) on July 26, 1976. Clark agreed to construct a medical office building on the subject property for $871,000. Clark began construction in late 1976. In 1977, NSA No. 3 obtained a construction loan from Western American Mortgage Company (WAMCO), which was secured by a deed of trust on the subject property.

Disputes arose and NSA No. 3 filed a breach of contract and fraud action against Clark. On February 7, 1978, Clark recorded a notice and claim of mechanic's lien in the amount of $190,971.78. Clark then counterclaimed against NSA No. 3 to foreclose its lien.

While the litigation between NSA No. 3 and Clark was pending, WAMCO assigned the note and its beneficial interest in the 1977 deed of trust to C.J. and Thelma Smith. NSA No. 3 defaulted on the payments that were due under the construction loan agreement. The Smiths noticed a trustees sale and acquired the property from the trustee on July 10, 1979. They were issued a trustee's deed. On August 26, 1981, the Smiths conveyed the property by warranty deed to SMHS.

NSA No. 3 and Clark's dispute ended on March 4, 1982, when NSA No. 3 agreed not to oppose Clark's lien. The court, in Cause No. C–363133, entered its judgment foreclosing Clark's mechanic's lien in the amount of $181,736.17 plus interest. A

notice of sheriff's sale was issued. SMHS then filed this action seeking to quiet title to the property and to enjoin the sheriff's sale. On May 21, 1982, Clark counterclaimed for declaratory relief, seeking an adjudication of the priority of its lien. The court accepted the consent judgment in Cause No. 363133 as prima facie evidence of Clark's claim, but allowed extrinsic evidence and testimony as to the amount and validity of the lien. Despite SMHS's claim of fraud and collusion, the court ruled in Clark's favor and found that the lien was valid and superior to the rights of SMHS. The judgment provided that the lien was "hereby foreclosed" and ordered the sale of the subject property.

SMHS characterizes the issues on appeal as follows:

1. May a mechanic's lien claimant sue to foreclose the interests of junior lienholders more than four years after recordation of the lien?

2. In a mechanic's lien foreclosure action, is a mortgage or deed of trust holder entitled to contest the validity and amount of the mechanic's lien to the same extent as the fee owner of the property, and does the mechanic's lien claimant have the same burden of proof to establish the validity and amount of his lien?

3. Did the trial court err in precluding SMHS from asserting the equitable defense of "unclean hands" to Clark's lien foreclosure?

4. Did the trial court err as a matter of law in awarding Clark (and compounding) interest from January 1, 1978?

5. Did the trial court err in awarding Clark his attorneys' fees pursuant to A.R.S. § 12–341.01?

## THE STATUTE OF LIMITATIONS QUESTION

SMHS claims that the trial court erred in failing to rule that foreclosure of Clark's lien was time barred by A.R.S. § 33–998, which provides in part:

A lien granted under the provisions of this article shall not continue for a longer period than six months after it is record-ed, unless action is brought within such period to enforce the lien.

SMHS argues that it is a successor in interest to WAMCO, a junior lienholder, and asks us to hold that unless a junior lienholder is joined in a mechanic's lien foreclosure action within the six-month period, any subsequent attempt to foreclose against the junior lienholder's interest is time barred. We disagree on two grounds.

■ First, while the record owner of the property must be named in a mechanic's lien foreclosure suit, *Eng v. Stein*, 123 Ariz. 343, 599 P.2d 796 (1979); *Ballard v. Lawyers Title of Arizona*, 27 Ariz.App. 168, 552 P.2d 455 (1976), there is no requirement in Arizona that junior lienholders also be made parties to the action. Clark brought an action to enforce his lien against NSA No. 3, the then record owner of the property, well within six months of when he recorded it.

Although junior lienholders would have been proper parties to that litigation, they were not necessary parties, and by failing to join them, Clark was not precluded from subsequently adjudicating priorities as among the various lienholders. See *Kurz v. Pappas*, 107 Fla. 861, 146 So. 100 (1932); *Gaines v. Childers*, 38 Ore. 200, 63 P. 487 (1901).

■ While Arizona courts demand strict compliance with the statutory requirements for recording a notice and claim of mechanic's lien, they liberally construe the statutes to effect their remedial purpose. *Ranch House Supply Corporation v. Van Slyke*, 91 Ariz. 177, 370 P.2d 661 (1962); *James Weller, Inc. v. Hansen*, 21 Ariz.App. 217, 517 P.2d 1110 (1973). The remedial purpose of the mechanic's lien statutes is to protect laborers and material suppliers who enhance the value of another's property, id., and to prevent unjust enrichment of the property owners. *Hayward Lumber & Investment Company v. Graham*, 104 Ariz. 103, 449 P.2d 31 (1968); *Mills v. Union Title Company*, 101 Ariz. 297, 419 P.2d 81 (1966). To construe A.R.S. § 33–998 as appellant requests would impede the statutory scheme's remedial purpose and allow unjust enrichment of the

present property owner. Second, and more importantly, SMHS's interest is as a successor in interest not to a junior lienholder, but to the owner of record title. When WAMCO assigned its interest in the 1977 deed of trust to the Smiths, the Smiths became successors in interest to WAMCO. After the Smiths acquired legal title to the property at the trustee's sale, their junior lien was extinguished. They took title to the property subject to the outcome of the ongoing litigation between NSA No. 3 and Clark, effectively stepping into NSA No. 3's shoes. *Collins v. Stockwell,* 137 Ariz. 416, 671 P.2d 394 (1983). SMHS, as Smith's successor, likewise took title subject to that litigation.

Appellant alternatively contends that the relief sought by Clark in its counterclaim is barred either by A.R.S. § 12–541(3) or A.R.S. § 12–550. A.R.S. § 12–541(3) requires that actions to enforce liability based purely upon statute must be brought within one year. A.R.S. § 12–550 mandates a four-year statute of limitations on actions if no other statute applies. SMHS alleges that any cause of action Clark had accrued on February 7, 1978, when Clark recorded its notice and claim of mechanic's lien and because the action against SMHS was commenced four years and three months after this date, either statute of limitation bars it.

■ This argument ignores the fact that Clark's counterclaim in essence was not to foreclose the lien, but rather to establish the priority of its lien and enforce the judgment of foreclosure entered two months earlier. Under A.R.S. § 12–1551(A), Clark had five years from the entry of the judgment of foreclosure to bring process to enforce that judgment.

## THE CONSENT JUDGMENT

SMHS claims that the court erred in its consideration of the prior consent judgment for essentially three reasons: (1) by accepting the judgment as prima facie proof of the amount, validity and priority of Clark's lien, the judge effectively applied collateral estoppel principles to that judgment; (2) the trial judge shifted the burden of proof

as to the lien's validity to SMHS; and (3) it was a due process violation to give this prior judgment such binding effect.

■ Initially, we must reiterate that as successor in interest to the owner of the property, SMHS took title subject to any judgment rendered in the foreclosure action. *Collins v. Stockwell,* supra; *Ballard v. Lawyers Title of Arizona,* supra. Therefore, provided the judgment was valid, it was not error for the trial court to take "judicial notice" of the prior consent judgment. Taking such notice did not alter the burden of proof. The judge correctly placed upon SMHS the burden of proving that the consent judgment was the result of collusion, fraud or a conspiracy, and therefore invalid.

The validity of the prior judgment was an issue wholly separate from that of the amount and validity of the lien itself. The judge gave SMHS great leeway in offering evidence and testimony as to the amount, validity and priority of the lien in addition to the validity of the consent judgment. The court then made specific findings of fact and law including:

FINDINGS OF FACT

\*   \*   \*   \*   \*   \*

16. The value of the work and improvements for which Larry Clark Construction Company was responsible and has not been paid was no less than $181,-736.45, the amount of the lien determined in Cause No. C–363133. . . .

\*   \*   \*   \*   \*   \*

19. Larry Clark Construction Company's lien with respect to the subject property is in the amount of $181,736.45 plus interest at the rate of 10% per annum from January 3, 1978.

\*   \*   \*   \*   \*   \*

CONCLUSION OF LAW

\*   \*   \*   \*   \*   \*

4. The lien of Larry Clark Construction Company is prior to any interest of Scottsdale Memorial Health Systems, Inc.

5. Scottsdale Memorial Health Systems, Inc. obtained its interest subject to con-

structive notice of the existence and amount of the lien claim of Larry Clark Construction Company.

\* \* \* \* \* \*

7. Scottsdale Memorial has failed to meet its burden to show that the lien adjudicated in Cause No. C–363133, prima facie valid, is in any manner invalid.

8. Scottsdale Memorial Health Systems, Inc. has failed to establish any basis for an attack on the validity of the Judgment in Cause No. C–363133.

9. Larry Clark Construction Company is entitled to foreclose its lien pursuant to the judgment entered in Cause No. C–363133.

We will sustain these findings of fact unless they are clearly erroneous. *Lewis v. Midway Lumber, Inc.*, 114 Ariz. 426, 561 P.2d 750 (App.1977). Appellant herein does not allege or offer proof that the findings were clearly erroneous, only that they were based upon a fundamentally erroneous view of the law. We do not agree that the trial court had a fundamentally erroneous view of the law.

■ It is also clear that SMHS suffered no due process violation. SMHS is correct in its contentions that a party's interest in real property cannot be foreclosed without due process. However, all the cases it relies upon involve situations where parties had no notice of the pending litigation or were given no chance to present evidence or arguments upon their claim. *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Laz v. Southwestern Land Company*, 97 Ariz. 69, 397 P.2d 52 (1964); *Johnson v. Mock*, 19 Ariz. App. 283, 506 P.2d 1068 (1973). Here, SMHS had constructive notice of the pending litigation by virtue of the recorded mechanic's lien and could have intervened. Furthermore, SMHS had ample opportunity to present its evidence and claims. A party purchasing property while it is under litigation does so at its own peril. *Tuft v. Federal Leasing*, 657 P.2d 1300 (Utah 1982).

### MECHANIC'S LIEN AMOUNT

Since the trial court properly found that there was no basis for attacking the prior judgment foreclosing Clark's lien, SMHS is precluded from contesting the amount of that lien.

### THE "UNCLEAN HANDS" DEFENSE

■ The trial court ruled that SMHS was not the proper party to assert the unclean hands defense because SMHS itself had "set the judicial machinery in motion." *Dawson v. McNaney*, 71 Ariz. 79, 223 P.2d 907 (1950). SMHS alleges that this was error because any party who requests equitable relief "sets the judicial machinery in motion," and a plaintiff may assert the doctrine if it is opposing a defendant's request for equitable relief. *Rise v. Steckel*, 59 Or.App. 675, 652 P.2d 364 (1982), *rev. den.* 294 Or. 212, 656 P.2d 943 (1982). Clark, defendant below, did counterclaim to foreclose his mechanic's lien, thereby requesting equitable relief. We might agree that the judge's ruling was error had the judge not allowed SMHS to offer proof of Clark's "unclean hands." The judge did allow such proof and specifically found that Clark did not come to the court with "unclean hands." Any alleged error is therefore harmless.

### ATTORNEY'S FEES AND INTEREST

The trial court awarded Clark attorney's fees pursuant to A.R.S. § 12–341.01 and interest on the lien at 10% per annum from January 3, 1978. SMHS contends that this is not an action arising out of contract within the meaning of A.R.S. § 12–341.01. SMHS also alleges that Clark's claim was not liquidated, so that Clark is entitled to no prejudgment interest, and that the judgment included interest, hereby compounding interest in contravention of Arizona law.

■ Our courts have broadly interpreted and applied the "arising out of contract" requirement of A.R.S. § 12–341.01. See *Sparks v. Republic National Life Insurance Company*, 132 Ariz. 529, 647 P.2d 1127, *cert. den.* 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982); *Ash, Inc. v.*

*Mesa Unified School District No. 4,* 138 Ariz. 190, 673 P.2d 934 (App.1983). A.R.S. § 12–341.01 applies to actions wherein a contract was a factor causing the dispute. *Ash, Inc., supra.* Here, the contract between NSA No. 3 and Clark was a major factor in the disputed mechanic's lien. We cannot see that the trial court abused its discretion in awarding fees. *Wheel Estate Corporation v. Webb,* 139 Ariz. 506, 679 P.2d 529 (App.1983).

Appellant correctly states that a claim must be liquidated if a party is to receive prejudgment interest. *Costanzo v. Stewart Title & Trust of Phoenix,* 23 Ariz.App. 313, 533 P.2d 73 (1975). However, the fact that a claim is disputed does not make that claim unliquidated. *Fairway Builders, Inc. v. Malouf Towers Rental Co., Inc.,* 124 Ariz. 242, 603 P.2d 513 (App.1979). SMHS has neglected to clearly and definitely direct this court's attention to any portion of the record in support of the alleged error, preferring to shift the burden of proving the claim was liquidated to Clark. We will not search the record to find support for SMHS' general allegation. *Ferrell v. Mutual Benefit, Health and Accident Association,* 48 Ariz. 521, 63 P.2d 203 (1936). SMHS also fails to explain how the judgment of $181,736.17 includes interest so that the 10% per annum effectively compounds interest.

The judgment is affirmed. Appellees are awarded their fees pursuant to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

HOWARD, P.J., and FERNANDEZ, J., concur.