790 P.2d 750

**B & M CONSTRUCTION, INC., an Arizona corporation, Plaintiff/Appellee,**

v.

**Henry J. MUELLER; the Mueller Group, a Washington Corporation; Mueller Development, a Washington Corporation; and Sungate Development Company, a Washington Corporation, Defendants/Appellants.**

No. 2 CA–CV 89–0081.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 26, 1989.

Review Denied May 1, 1990.

Sylvester & Associates by Thomas P. Sylvester, Tucson, for plaintiff/appellee.

Fioramonti & Greenberg by Jeffrey H. Greenberg, Tucson, for defendants/appellants.

## OPINION

LIVERMORE, Presiding Judge.

Plaintiff B & M Construction, Inc. entered into a contract for construction work with defendant Mueller Development Co. as owner and general contractor of an apartment development. B & M sued Mueller in two counts for breach of contract and to foreclose a mechanic's lien. Mueller demanded arbitration. The arbitrator ruled in favor of B & M on the contract claim and that award was confirmed by judgment. B & M then successfully sought summary judgment on the lien foreclosure claim. On this appeal Mueller contends that the lien claim should also have been submitted to arbitration and that the award of attorneys' fees to pursue the lien claim was improper. We affirm the judgment but modify it to correct a clerical error.

The arbitration article of the contract between the parties provided that:

> All claims, disputes and other matters in question arising out of, or relating to, this Subcontract, or the breach thereof, shall be decided by arbitration. . . .

It also provided:

> This Article shall not be deemed a limitation of any rights or remedies which the Subcontractor may have under any Federal or State mechanics' lien laws or under any applicable labor and material

payment bonds unless such rights or remedies are expressly waived by him. Defendant argues that this latter provision means only that the agreement to arbitrate is not a waiver of lien claims. Because there is nothing else in the arbitration article to suggest waiver, this would render the provision meaningless. Contracts are not to be so construed. In our view, the provision can only mean that the validity of the lien, as opposed to its amount, need not be submitted to arbitration. This construction makes sense for an additional reason. Construction litigation often involves many lien claimants, contesting not only whether a lien has been properly perfected but which of many liens have priority. These claimants would not be parties to the contract requiring arbitration or to the resulting arbitration and would not be bound by it. Accordingly, they would be free to litigate validity and priority. Because that would be a common result, it is sensible to exclude these issues from arbitration and to have them tried once in an action between all competing lien claimants.

Mueller next contends that no attorneys' fees should have been awarded B & M under A.R.S. § 12–341.01 on its lien foreclosure action because that claim did not arise out of a contract. When a lien is filed against a property owner by one having no contractual relationship with the owner, that contention has merit. *Cashway Concrete & Materials v. Sanner Contracting Co.*, 158 Ariz. 81, 761 P.2d 155 (App.1988). In this case, however, the contract between B & M and Mueller was at the heart of both the contract and the lien foreclosure claims. Indeed, almost all the legal work related to whether the contract's arbitration clause precluded the lien foreclosure action. In these circumstances, the foreclosure action did arise out of contract. *See Scottsdale Memorial Health Systems, Inc. v. Clark*, 157 Ariz. 456, 759 P.2d 602 (App.1987), vacated on other grounds, 157 Ariz. 461, 759 P.2d 607 (1988).

The trial court confirmed the arbitration award, which included attorneys' fees, and then awarded attorneys' fees for services in the arbitration. This double

award cannot stand and must be reduced by $6,939.75.

The judgment is modified to $83,239.23 and, as modified, is affirmed.

FERNANDEZ, C.J., and HATHAWAY, J., concur.