2024 IL App (1st) 240344

No. 1-24-0344

Opinion filed June 14, 2024

FIFTH DIVISION

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PORTAGE PARK CAPITAL, LLC, an Illinois Limited Liability Company, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 23 CH 008139 |
| | ) | Honorable |
| A.L.L. MASONRY CONSTRUCTION COMPANY., INC. d/b/a All Construction Group, an Illinois Corporation, | ) ) ) | Anna Loftus, Judge, presiding. |
| | ) | |
| Defendant-Appellee. | ) | |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court, with opinion.
Justice Lyle and Justice Navarro concurred in the judgment and opinion.

**OPINION**

¶ 1   Plaintiff Portage Park Capital appeals the circuit court's order compelling arbitration for all of the issues plaintiff raised and dismissing the case. The issue on appeal is whether the circuit court erred by determining that the validity of a mechanic's lien is subject to arbitration. For the reasons stated below, we hold that the circuit court did not err and affirm.

¶ 2                                    I. BACKGROUND

¶ 3     Plaintiff Portage Park Capital contracted with defendant A.L.L. Masonry Construction Company to construct a new self-storage building in Chicago, Illinois, for plaintiff. The contract is a standard form AIA agreement with an arbitration clause that provides as follows:

> "If the parties have selected arbitration as the method for binding dispute resolution in the Agreement, any Claim subject to, but not resolved by, mediation shall be subject to arbitration which shall be conducted in Chicago, Illinois by a single arbitrator selected by mutual agreement of the parties."

A claim subject to arbitration under the contract is defined as

> "a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract. The term 'Claim' also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the contract. The responsibility to substantiate Claims shall rest with the party making the Claim. Claims must be initiated by written notice."

The parties agreed to submit all claims not resolved by mediation to arbitration.

¶ 4     Over the course of the parties' dealings, disputes arose regarding the amount of money that plaintiff owed defendant. Accordingly, defendant filed a mechanic's lien for the amount it believed that it was still owed under the contract. A short time later, plaintiff made a demand for arbitration regarding the payment of money under the contract and the amount due. This arbitration is currently duly convened and pending. Plaintiff also filed this action in the circuit court of Cook County, seeking a declaratory judgment that defendant's mechanic's lien "is fraudulent and/or

false and thus void." In response, defendant filed a motion to compel arbitration and a section 2-619 motion to dismiss. The circuit court granted defendant's motion, dismissing the case and determining that all claims raised in plaintiff's complaint were subject to arbitration. This timely appeal followed. See Ill. S. Ct. R. 303(a) (eff. July 1, 2017).

¶ 5                                II. ANALYSIS

¶ 6       "A motion to compel arbitration is essentially a section 2-619(a)(9) motion to dismiss or stay an action in the trial court based on an affirmative matter, the exclusive remedy of arbitration." (Internal quotation marks omitted.) *Key v. Accolade Healthcare of the Heartland, LLC*, 2024 IL App (4th) 221030, ¶ 24. Accordingly, this court "must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party." *Nord v. Residential Alternatives of Illinois, Inc.*, 2023 IL App (4th) 220669, ¶ 28. We review the granting of a motion to compel arbitration without an evidentiary hearing *de novo*. *Sturgill v. Santander Consumer USA, Inc.*, 2016 IL App (5th) 140380, ¶ 20.

¶ 7                    A. Arbitrator's Ability to Consider Lien Validity

¶ 8       Section 9 of the Mechanics Lien Act provides that "[i]f payment shall not be made to the contractor having a lien ***, then such contractor may bring suit to enforce his lien in the circuit court in the county where the improvement is located." 770 ILCS 60/9 (West 2022). In the early 1900s, the Illinois Supreme Court made clear that this section granted the circuit court exclusive jurisdiction to enforce a mechanic's lien. *O'Brien v. Gooding*, 194 Ill. 466, 473 (1902). Several years later, the supreme court determined that submitting a contract dispute to arbitration does not waive a party's ability to seek a mechanic's lien and that an arbitrator's decision on the amount due under the contract would not affect the lien. *Sorg v. Crandall*, 233 Ill. 79, 99 (1908)

(*per curiam*). From these holdings, plaintiff contends that the circuit court also has exclusive jurisdiction to determine the validity of that lien. Defendant does not contest that only the circuit court may enforce a mechanic's lien; instead, it asserts that lien validity and lien enforcement are not equivalent.

¶ 9      In order to enforce a lien, the party seeking enforcement must prove that the lien is valid. See *Tefco Construction Co. v. Continental Community Bank & Trust Co.*, 357 Ill. App. 3d 714, 718-19 (2005) ("A mechanic's lien is valid only if each of the statutory requirements is strictly observed [citation], and the party seeking to enforce the lien bears the burden of proving that each requisite has been satisfied [citation]."); *Watson v. Watson*, 218 Ill. App. 3d 397, 399-400 (1991) (same); *Ronning Engineering Co. v. Adams Pride Alfalfa Corp.*, 181 Ill. App. 3d 753, 758-59 (1989) (same); *Edward Electric Co. v. Automation, Inc.*, 164 Ill. App. 3d 547, 549 (1987) (same); *In re Cook*, 384 B.R. 282, 291 (Bankr. N.D. Ala. 2008) ("Before a lien on property can be enforced, three issues must be addressed: (1) the validity of the lien (because an invalid lien is not enforceable) ***."). These cases make clear that lien validity is a *prerequisite* to lien enforcement. That is, a court may not enforce a lien unless and until it has been determined that the lien is valid. Thus, courts have consistently considered lien validity to be an antecedent issue separate from the enforcement of the lien (rather than a part of enforcement).

¶ 10     Accordingly, the Illinois Supreme Court's holdings in *O'Brien* and *Sorg* do not control here because the issue of whether an arbitrator could consider the validity of a mechanic's lien was never presented to either court. While *Sorg* involved a contract dispute, an arbitration clause, and an allegedly fraudulent lien, the parties there never sought to compel arbitration on the question of the validity of the lien. Similarly, the supreme court's holding that "had a lien existed it would not

have been affected by *such* an award" does not support concluding that the court intended lien validity to be nonarbitrable. (Emphasis added.) *Sorg*, 233 Ill. at 99. The court held only that, in the context of the case before it, where the arbitrator had decided only the amount due to the plaintiff in the underlying contract dispute but had not addressed any issues related to the mechanic's lien, the arbitrator's award would have no effect on the lien. Accordingly, *O'Brien* and *Sorg* have nothing to say about what issues parties may arbitrate and provide no support for plaintiff here.

¶ 11    Courts in other jurisdictions have concluded similarly. In Colorado, an appellate court concluded that "the district court is the proper forum for contesting any disputes as to the procedural validity of [a] mechanic's lien" where the validity of the lien was not "put at issue and decided in arbitration." *Sure-Shock Electric, Inc. v. Diamond Lofts Venture, LLC*, 259 P.3d 546, 550 (Colo. App. 2011). The Utah Supreme Court analyzed the validity of a mechanic's lien without considering whether the arbitrator could have ruled on the issue. See *Worthington & Kimball Construction Co. v. C&A Development Co.*, 777 P.2d 475, 477-78 (Utah 1989). In Connecticut and Arizona, courts have ruled that a provision in a contract that explicitly reserves the rights of contractors with respect to statutory remedies under mechanic's lien laws prevents courts from compelling arbitration regarding such liens. See *Madaio Glass, Inc. v. Stonestreet Hospitality Co.*, No. CV106004094, 2010 WL 4074483, at *3 (Conn. Super. Ct. Sept. 13, 2010); *B&M Construction, Inc. v. Mueller*, 790 P.2d 750, 751-52 (Ariz. Ct. App. 1989). And in Florida, a court determined that it was error to deny a lien foreclosure when the "arbitrator's award was silent on the matter." *Royal Palm Collection, Inc. v. Lewis*, 36 So. 3d 168, 169 (Fla. Dist. Ct. App. 2010).[1]

---

[1]In contrast, a federal bankruptcy court in Florida concluded that a lien foreclosure fell within an arbitration clause under Florida law because "there is more than 'some nexus' between the dispute and

However, these cases stand only for the proposition that a trial court *may* determine the validity of a mechanic's lien in certain circumstances, not that it *must* or that parties to a contract may not agree to submit the issue to an arbitrator.

¶ 12    Courts in Minnesota, Ohio, and Texas have held specifically that an arbitrator may determine the validity of a lien. See *McMahon v. Schepers*, No. C2-02-266, 2002 WL 31013031, at *2 (Minn. Ct. App. Sept. 10, 2002); *Sebold v. Latina Design Build Group, L.L.C.*, 2021-Ohio-124, 166 N.E.3d 688, ¶¶ 13-15; *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 242-43 (Tex. 2002). Indiana, Michigan, and South Carolina courts have held that mechanic's lien foreclosures are broadly subject to arbitration. See *Koors v. Steffen*, 916 N.E.2d 212, 216-17 (Ind. Ct. App. 2009); *Legacy Custom Builders, Inc. v. Rogers*, No. 359213, 2023 WL 1870446, at *3 (Mich. Ct. App. Feb. 9, 2023); *Cape Romain Contractors, Inc. v. Wando E., LLC*, 747 S.E.2d 461, 466-67 (S.C. 2013). Of the states to have considered the issue, only New York has held that assessing the validity of a mechanic's lien is "beyond the power of the arbitrators to determine." *May v. New Amsterdam Casualty Co.*, 60 N.Y.S.2d 613, 615 (App. Div. 1946).

¶ 13    This conclusion does not result in tension by providing courts exclusive jurisdiction to enforce liens but denying courts exclusive jurisdiction to determine whether liens are valid. Courts have exclusive jurisdiction to enforce *any* arbitration award—arbitration awards are not self-executing. See 710 ILCS 5/16 (West 2022) ("The making of an agreement described in Section 1 providing for arbitration in this State confers jurisdiction on the court to enforce the agreement under this Act and to enter judgment on an award thereunder."); see also *Adam Martin*

---

contract containing the agreement. Indeed, resolution of the issues requires reference to or construction of the site development contract." *In re J.E.L. Site Development, Inc.*, 646 B.R. 338, 344 n.40 (Bankr. M.D. Fla. 2022).

*Construction Co. v. Brandon Partnership*, 135 Ill. App. 3d 324, 326 (1985) (recognizing that an arbitrator "has no power to implement his decisions"); *Tamari v. Conrad*, 552 F.2d 778, 781 (7th Cir. 1977) (explaining that an arbitration award "must be enforced by a court"). Nevertheless, courts are frequently prevented from considering the validity of the underlying legal interest at issue. See, *e.g.*, *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006) ("regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator").

¶ 14    This result is consistent with bedrock principles of contract law. The goal in contract law is to "ascertain and give effect to the intent of the parties." *W.W. Vincent & Co. v. First Colony Life Insurance Co.*, 351 Ill. App. 3d 752, 757 (2004). And "an agreement to arbitrate is a matter of contract." *Salsitz v. Kreiss*, 198 Ill. 2d 1, 13 (2001). Further, Illinois public policy favors arbitration. Illinois permits litigants to settle disputes through arbitration because "[a]rbitration is regarded as an effective, expeditious, and cost-efficient method of dispute resolution." *Royal Indemnity Co. v. Chicago Hospital Risk Pooling Program*, 372 Ill. App. 3d 104, 110 (2007) (citing *United Cable Television Corp. v. Northwest Illinois Cable Corp.*, 128 Ill. 2d 301, 306 (1989)). Because the law recognizes arbitrators as sufficiently capable of deciding disputes, if an issue falls within the scope of an otherwise valid arbitration clause, "judicial review of an arbitral award is extremely limited." *American Federation of State, County & Municipal Employees, AFL-CIO v. Department of Central Management Services*, 173 Ill. 2d 299, 304 (1996).

¶ 15    These tenets demonstrate that courts view the act of contracting as volitional and the terms within a contract as the thoughtful result of a bargained-for exchange. Put more plainly, the terms of a contract are what the parties voluntarily agreed to. Accordingly, courts should not read limiting

principles into statutes regarding the issues parties may or may not arbitrate when the legislature did not expressly provide such a limitation. If it is the intent of the parties to arbitrate a claim, courts should generally defer to that intent. See *Smola v. Greenleaf Orthopedic Associates, S.C.*, 2012 IL App (2d) 111277, ¶ 16 ("whether an issue is subject to arbitration is governed by the agreement between the parties"). Doing otherwise would trench upon the right of the parties to contract with one another. See *Ritchie v. People*, 155 Ill. 98, 104 (1895) (recognizing a constitutional right to make and enforce contracts). While the right is subject to limitations, here, the legislature did not provide a clear, express limitation to that right regarding the validity of a lien. Accordingly, there is no such limitation.

¶ 16    However, the opposite is also true: parties are not required to submit claims to arbitrators just because arbitrators are empowered to hear those claims. Instead, agreements to arbitrate are "matter[s] of contract" and "[t]he parties to an agreement are bound to arbitrate only those issues which by clear language and their intentions expressed in the language show they have agreed to arbitrate." (Internal quotation marks omitted.) *Clanton v. Oakbrook Healthcare Centre, Ltd.*, 2023 IL 129067, ¶ 29. Accordingly, courts determine the scope of an agreement to arbitrate "using ordinary contract principles." *Id.* ¶ 30. These principles require that "[i]n the absence of an ambiguity, the intention of the parties at the time the contract was entered into must be ascertained by the language utilized in the contract itself." (Internal quotation marks omitted.) *Id.* Further, provisions of the contract should not be read in isolation but should be considered in the broader context of the contract as a whole. *Id.*

¶ 17    The arbitration agreement at issue covers two types of claims: (1) "a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms,

payment of money, extension of time or other relief with respect to the terms of the Contract" or (2) "other disputes and matters in question between the Owner and the Contractor arising out of or relating to the contract." The language of this agreement closely tracks with what courts have characterized as a "generic" arbitration clause. See *Bass v. SMG, Inc.*, 328 Ill. App. 3d 492, 498 (2002). In Illinois, "courts have generally construed 'generic' arbitration clauses broadly, concluding that the parties are obligated to arbitrate *any* dispute that arguably arises under an agreement containing a 'generic' provision." (Emphasis in original.) *Fahlstrom v. Jones*, 2011 IL App (1st) 103318, ¶ 17.

¶ 18    Below, the circuit court determined that the mechanic's lien arose out of or related to the contract because, "the questions raised in the complaint *** involve the pay apps, whether they were overinflated, and the values listed in the subcontractors' agreements versus what's on the mechanic's lien." The circuit court explained that, in order to answer these questions, it "would have to look at requirements under the contract." To determine the validity of the mechanic's lien, the circuit court reasoned that it would need to refer to the parties' contractual requirements.

¶ 19    The contours of when a dispute "arises out of or relates to" a contract are murky. On one end of the spectrum, a broad reading of this language could reasonably include anything that would not have occurred "but for" the existence of the contract. On the other end, a narrow reading could be limited only to those disputes that involve some "interpretation or construction of the contract." While this court has never provided a black-letter rule, courts in other jurisdictions have settled somewhere in between these options, determining that, for a dispute to arise out of or relate to a contract, it must " 'raise some issue the resolution of which requires a reference to or construction of some portion of the contract itself.' " *Terminix International Co. v. Michaels*, 668 So. 2d 1013,

1014 (Fla. Dist. Ct. App. 1996) (quoting *Dusold v. Porta-John Corp.*, 807 P.2d 526, 530 (Ariz. Ct. App. 1990).

¶ 20    The narrowest reading of "arises out of or relates to" is plainly wrong when considered in light of Illinois case law. See *Bass*, 328 Ill. App. 3d at 500 (agreeing with federal courts that "broad arbitration clauses do not limit arbitration to the literal interpretation or performance of the contract"). Illinois's public policy favoring arbitration militates toward reading "generic" arbitration clauses broadly. *Fahlstrom*, 2011 IL App (1st) 103318, ¶ 17. However, if "generic" arbitration clauses only reached disputes that involved "interpretation or construction" of a contract, such clauses would fail to reach disputes that indisputably fall within an arbitrator's purview. See, *e.g.*, *Buckeye*, 546 U.S. at 449 (holding that "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator"); *Bass*, 328 Ill. App. 3d at 502 (concluding that tort claims of breach of fiduciary duty, misappropriation of business opportunity, and tortious interference with contract, among others, " '[arose] from the very heart' of the relationship between [the companies] and are significantly related to the agreement defining that relationship," and were thus subject to arbitration); *Fahlstrom*, 2011 IL App (1st) 103318, ¶ 18 (recognizing the principle that "[w]here an agreement contains a generic arbitration clause, that clause covers a dispute arising under a subsequent agreement between the same parties if the original agreement and the subsequent agreement concern the same subject matter" (citing *A.E. Staley Manufacturing Co. v. Robertson*, 200 Ill. App. 3d 725, 730-31 (1990))).

¶ 21    Moreover, if the generic section of the arbitration clause in this case were limited only to claims that involve interpretation or construction of the contract, the section would be superfluous. The first section of the clause already extends the arbitration agreement to "a demand or assertion

by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract"—in other words, claims involving the interpretation or construction of the contract. If the second section of the clause is limited to the same claims as the first section, there would have been no need to include it. Given that, "[g]enerally, when interpreting a contract, we must give effect to all of the contract's provisions if it is possible to do so," reading such a redundancy into the agreement here would be improper. *Wood v. Evergreen Condominium Ass'n*, 2021 IL App (1st) 200687, ¶ 51; see *Evans v. Lima Lima Flight Team, Inc.*, 373 Ill. App. 3d 407, 413 (2007) ("Contractual terms should be construed so as to avoid the conclusion that other terms are redundant.").

¶ 22    Instead, at the very least, if resolution of the claims raised in a complaint require the court to reference the contract, those claims "arise out of or relate to" that contract. Significantly, every dispute regarding a mechanic's lien involves some reference to or construction of the contract because "the liens act becomes a term of every construction contract between the owner and the contractor for construction of a building." *J&K Cement Construction, Inc. v. Montalbano Builders, Inc.*, 119 Ill. App. 3d 663, 673 (1983). Therefore, any reference to the Act is also a reference to the contract, and without reference to the Act, courts would be unable to resolve disputes related to mechanic's liens. But even if this were not the case, the complaint here repeatedly references the underlying contract and each party's obligations under the contract. The complaint draws upon provisions from the contract for support for its claims. Thus, the circuit court could not resolve the dispute here without reference to the contract. For example, at paragraph 43 of the complaint, plaintiff claims that defendant falsely and fraudulently swore that "$758,140.00 in Storage Partitions and Doors was for work to still be performed ***." In support of this, plaintiff

specifically directs the court to refer to the contractual provision regarding the purchase and installation of storage partitions and doors.

¶ 23    Additionally, Illinois courts have recognized that "the adjudication of an action to foreclose a mechanic's lien involves essentially the same cause of action as that upon which the lien claim is based." *Thorleif Larsen & Son, Inc. v. PPG Industries, Inc.*, 177 Ill. App. 3d 656, 660 (1988). Here, the lien claim is based upon a contract dispute between plaintiff and defendant. Thus, the lien claim is essentially the same cause of action as the contract dispute. Any argument that the two are unrelated lacks any support in fact or law. Accordingly, the trial court did not err in concluding that the dispute here arose from or related to the contract.

¶ 24                                    B. Section 2-619 Motion to Dismiss

¶ 25    Plaintiff next contends that the circuit court procedurally erred when it determined that resolving plaintiff's claims would require it to refer to the contract. Plaintiff argues that, because a section 2-619 motion "admits the legal sufficiency of the complaint" (*Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009)) and because "[n]o contract interpretation was needed based on the face of the Complaint," the circuit court was bound by the complaint. This argument appears to rely on plaintiff's mistaken standard for when a claim arises out of or relates to a contract. However, the circuit court did not need to find, nor did it find, that contract interpretation was necessary; instead, it found only that it "would have to look at requirements under the contract." The complaint on its face directs the court to look at requirements under the contract; therefore, plaintiff's argument completely misses the mark.

¶ 26    However, even if the complaint did assert that any reference to the contract in this case would be unnecessary, the circuit court would not have been obligated to accept the truth of that

assertion. "The defendant does not admit the truth of any allegations in plaintiff's complaint that may touch on the affirmative matters raised in the 2-619 motion." *Barber-Colman Co. v. A&K Midwest Insulation Co.*, 236 Ill. App. 3d 1065, 1073 (1992). Accordingly, the party opposing a motion to compel arbitration "cannot rely on bare allegations alone to raise issues of material fact." *Eco Brite Linens LLC v. City of Chicago*, 2023 IL App (1st) 210665, ¶ 9. Therefore, the circuit court's comments, suggesting that it would need to refer to the contract to resolve the claims before it, were not improper.

¶ 27                                   III. CONCLUSION

¶ 28    The judgment of the circuit court of Cook County is affirmed.

¶ 29    Affirmed.

*Portage Park Capital, LLC v. A.L.L. Masonry Construction Co.*, **2024 IL App (1st) 240344**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 23-CH-008139; the Hon. Anna Loftus, Judge, presiding. |
| **Attorneys for Appellant:** | Craig Penrose, of Laurie & Brennan LLP, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Frederick J. Sudekum and Jacob R. Coz, of Sudekum, Cassidy & Shulruff, Chtrd., and Howard Teplinsky and Mark L. Evans, of Levin Ginsburg, both of Chicago, for appellee. |