THE PEOPLE ex rel. DELISI CONSTRUCTION COMPANY, INC., Plaintiff-Appellee, v. THE BOARD OF EDUCATION, WILLOW SPRINGS SCHOOL DISTRICT 108, Defendant-Appellant.

(No. 60791; ▮▮▮▮▮▮▮▮▮▮▮)

First District (5th Division)—February 28, 1975.

David A. Stall, of Sundheim & Stall, of Chicago, for appellant.

O'Brien, Trittipo & Carey, Ltd., of Chicago (Richard G. Prendergast, Peter B. Carey, and Donald V. O'Brien, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an interlocutory appeal involving the propriety of an order

denying defendant's application to stay proceedings pending arbitration of a claim for damages because of a breach of contract.

It appears that defendant advertised plans and specifications for the construction of an elementary school. Plaintiff was the low bidder and was notified by defendant's letter of February 5, 1974 that (1) its proposal was approved; (2) contracts would be forthcoming; and (3) it was authorized to undertake certain preliminary work. Thereafter, by letter of February 15, 1974, defendant notified plaintiff that the contents of its letter of February 5, 1974 were rescinded. A contract was then awarded to another contractor.

Plaintiff filed a petition for writ of mandamus, and defendant's motion to dismiss, which contested the court's jurisdiction, was denied. Defendant then moved to require plaintiff to elect remedies, following which plaintiff filed an amended petition seeking damages for breach of contract. In its answer thereto, defendant denied (1) the existence of any contract; and (2) the jurisdiction of the court to consider the claim of damages. With the filing of this answer, defendant demanded a trial by jury.

At defendant's request, concurred in by plaintiff and the court, a hearing was held, without a jury, on the issue of liability. The court found that a contractual relationship existed and that defendant had breached it. Later, on the same day, the court impaneled a jury to determine the damages resulting from the breach. Thereupon, defendant requested that the damages issue be submitted to arbitration pursuant to the contract. After a brief recess, defendant applied for a stay of further proceedings pending arbitration. The stay was denied, and defendant filed its notice of appeal from that order. Defendant then refused to participate in the jury proceedings, and an *ex parte* verdict and judgment thereon were entered for plaintiff in the amount of $30,527.

OPINION

Appeal has not been taken from the court's finding of the existence and the breach of a contract, and the parties are in apparent accord that the arbitration clause in the specifications[1] includes claims of damages for breach thereof. In any event, we believe such a claim is embodied within the arbitration clause, which provides in pertinent part:

"All claims, disputes and other matters in question arising out

---

[1] The plans and specifications were contractual documents which, with the formal contract, would have comprised the complete agreement to do the construction work, and necessarily were part of the contract found by the trial court to be in existence.

of, or relating to, this Contract or the breach thereof, * * * shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise."

Thus, we are concerned only with the question of whether defendant's application for stay should have been granted.

■■ In this regard, plaintiff claims that there was no error in the denial of the stay, because defendant waived arbitration of the damages issue. Defendant contends that until the court had found a contract or agreement to be in existence, it could not invoke the use of the arbitration procedures to resolve the question of damages for its breach. It points out that after the finding of a viable contract, it immediately applied for a stay of further proceedings, which it urges should have been granted under the provisions of sections 1 and 2 of the Uniform Arbitration Act (Ill. Rev. Stat. 1973, ch. 10, pars. 101—102). We note that section 1 of the Act reads as follows:

"A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract."

Section 2(c) of the Act provides:

"If an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications under subdivision (a) of this Section, the application shall be made therein."

Section 2(d) of the Act states:

"Any action or proceeding involving an issue subject to arbitration shall be stayed if * * * an application therefor has been made under this Section or, if the issue is severable, the stay may be with respect thereto only."

We believe these statutory provisions support defendant's contention that it could not invoke the arbitration provisions of the agreement until there was a determination of a valid contract. In its answer to plaintiff's amended petition, defendant denied the existence of any contract with plaintiff. It also appears that, although plaintiff's proposal was approved by defendant, the formal contracts were not signed by the parties nor were they even presented to plaintiff for execution. Prior to the determination of a contract, the issue of whether one was in existence is not and could not be a claim, dispute or other matter within the meaning of

those terms as set forth in the arbitration clause. Thus, the question of whether there was a contract was not arbitrable; but, rather, was an issue of law determinable only by the court. See *Harrison F. Blades, Inc. v. Jarman Memorial Hospital Building Fund, Inc.,* 109 Ill.App.2d 224, 248 N.E.2d 289.

The right to arbitrate, however, like any other contract right, can be waived (*Cornell & Co. v. Barber & Ross Co.* (D.C. Cir. 1966), 360 F.2d 512), and plaintiff argues that defendant waived his right to arbitrate the damages question for two principal reasons; first, because it participated in the bench trial and in the rather extensive pretrial activity before and after the court's ruling on defendant's motion to dismiss. Plaintiff relies principally on *Applicolor, Inc. v. Surface Combustion Corp.,* 77 Ill.App.2d 260, 222 N.E.2d 168, which we do not view as controlling because (1) there was no question there concerning the existence of a contract; and (2) it was held there that defendant had submitted to the jurisdiction of the court, and its conduct was otherwise inconsistent with the arbitration clause of the contract; whereas, here the existence of the contract was denied by defendant, and not only did it not submit or agree to the submission of the question of damages to the court, but it made an expeditious application to stay the court proceedings so that the damages question could be arbitrated. Second, plaintiff asserts waiver because defendant failed to apply for a stay before taking any other action after the filing of the mandamus petition, as defendant was permitted to do by section 2(a) and (c) of the Uniform Arbitration Act. We disagree because, as we have stated above, the existence of a valid contract had not been determined at the time the mandamus petition was filed, and we are of the opinion that defendant could not invoke the use of arbitration procedures until there was an agreement established. See *Blades, Inc.*

Moreover, the arbitration clause provides that arbitrable questions be decided "in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise." Section 46 of these Construction Industry Arbitration Rules, which became effective September 20, 1973, is entitled "APPLICATIONS TO COURT," and it provides "no judicial proceedings by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate."

■■ In view thereof, and because there was no mutual agreement by the parties that the Construction Industry Arbitration Rules should not control, we are of the belief that there was no waiver by defendant of the right to arbitrate the question of damages for contractual breach.

Accordingly, we hold that the trial court erred in denying defendant's

application to stay the proceedings pending arbitration of this question. The judgment is reversed and the cause is remanded with direction to grant the application to stay proceedings pending arbitration.

Reversed and remanded with direction.

DRUCKER and LORENZ, JJ., concur.