DAVID DIERSEN *et al.*, Plaintiffs-Appellants, v. JOE KEIM BUILDERS, INC., *et al.*, Defendants-Appellees.

Second District    No. 2—86—0965

Opinion filed March 18, 1987.

Aldo E. Botti and John N. Pieper, both of Botti, Marinaccio, DeSalvo & Pieper, of Oak Brook, for appellants.

Reese J. Peck, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiffs, David and Karen Diersen, appeal from an order of the trial court which stayed judicial proceedings and ordered arbitration of plaintiffs' complaint for fraud and breach of contract against defendant, Joe Keim Builders, Inc. On appeal, plaintiffs contend the trial court erred in ordering them to submit to arbitration.

On November 19, 1983, plaintiffs and defendant entered into a contract in which defendant agreed to construct a single-family dwelling for plaintiffs on property owned by defendant. The contract provided that "all claims, disputes and other matters in questions relating to this Agreement, or the breach thereof," would be settled by arbitration. On July 24, 1985, plaintiffs filed a demand for arbitration with the Northern Illinois Home Builders Association (NIHBA) seeking compensation from defendant for property damage resulting from

defendant's failure to notify plaintiffs of the existence of two subterranean drainage lines on defendant's property at the homesite.

On April 14, 1986, plaintiffs filed a complaint against defendant alleging that defendant misrepresented that the property was suitable for construction of a single-family dwelling and that the drainage lines created an unrecorded, common law easement on the property. Plaintiffs alleged theories of fraud, wrongful diversion of water, and breach of an implied warranty of habitability and sought rescission based upon its claim of fraud. On July 27, 1986, plaintiffs filed a motion to stay arbitration which was denied by the trial court, and the court granted defendant's motion to stay judicial proceedings and compel arbitration. This appeal followed.

Plaintiffs first contend that the court erred in ordering them to submit to arbitration without first ruling on plaintiffs' request for rescission of the contract and cite provisions of the Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, par. 101 *et seq.*) in support of their contention.

■ We first note that plaintiffs are correct in stating that section 2(a) of the Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, par. 102(a)) requires the court to determine whether an agreement to arbitrate exists, where a party denies its existence, before ordering arbitration on the matter. Since arbitration is a matter of contract, a party cannot be required to arbitrate any dispute which he had not agreed to arbitrate (*Monmouth Public Schools v. Pullen* (1985), 141 Ill. App. 3d 60, 64, 489 N.E.2d 1100; *Clark v. Country Mutual Insurance Co.* (1985), 131 Ill. App. 3d 633, 638, 476 N.E.2d 4), and it is for the courts to determine whether the claim, on its face, is covered by the contract (*Kostakos v. KSN Joint Venture No. 1* (1986), 142 Ill. App. 3d 533, 538, 491 N.E.2d 1322; *Lehman v. Eugene Matanky & Associates, Inc.* (1982), 107 Ill. App. 3d 985, 988, 438 N.E.2d 614). However, plaintiffs did not deny the existence of the arbitration clause and section 2(a) does not require the court to consider the merits of plaintiffs' claims of fraud and breach of contract before ordering arbitration.

■ Plaintiffs next cite section 1 of the Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, par. 101), which states that a written agreement to submit controversies to arbitration is valid "save upon such grounds as exist for the revocation of any contract." Plaintiffs argue that fraud in the inducement is a ground for revocation of the contract and the trial court therefore erred in ordering arbitration proceedings without first resolving plaintiffs' claim of rescission based on fraud in the inducement.

In support of this argument, plaintiffs cite *People ex rel. Delisi Construction Co. v. Board of Education* (1975), 26 Ill. App. 3d 893, 326 N.E.2d 55, in which a construction company sought damages for breach of contract from a board of education after the board advertised plans and specifications, which included an arbitration clause, for the construction of an elementary school, accepted the company's bid on the project, and then notified the company that its acceptance was rescinded. The reviewing court construed sections 1 and 2 of the Act and held that the trial court could not invoke the arbitration provisions contained in the specifications without first determining that a valid contract existed, since the formal contracts were not signed by the parties or even presented to plaintiff for execution. (26 Ill. App. 3d 893, 895-96, 326 N.E.2d 55.) However, we regard *Delisi* as inapposite. In the present case, the parties fully executed the contract at issue and there was no question that the formal contract and its arbitration clause existed. Moreover, the issue currently raised by plaintiffs herein as to the validity of the contract was not addressed in *Delisi*.

In any event, it has been determined that claims of precontract fraud may be considered arbitrable matters. In *J&K Cement Construction Co. v. Montalbano Builders, Inc.* (1983), 119 Ill. App. 3d 663, 456 N.E.2d 889, another case arising out of the construction of a residence, the court held that broad language in an arbitration clause will be construed as an agreement by the parties to resolve any and all disputes arising out of the subject matter of the contract, including allegations of breach of contract, breach of an implied warranty of habitability, precontract fraud, breach of duty, and unfair and deceptive trade practices. (119 Ill. App. 3d 663, 670-72, 456 N.E.2d 889.) In reaching this decision, the court noted that the "majority of courts considering a claim of fraud concerning the contract as a whole as opposed to a fraudulent inducement to enter into an arbitration agreement has concluded that the fraud claim is within the scope of a broad arbitration clause." 119 Ill. App. 3d 663, 671-72, 456 N.E.2d 889.

The arbitration clause in the present case is identical to that considered in *J&K* and should be interpreted to encompass all disputes arising out of the contract. Moreover, as in *J&K*, plaintiffs' claim of fraud in the inducement is directed toward the contract as a whole and not solely against the arbitration clause. Plaintiffs' claim is thus within the scope of the arbitration clause and the trial court was not required to resolve it before ordering the parties to submit to arbitration.

■■ ■ Plaintiffs next contend the trial court stayed arbitration on the grounds of judicial economy and plaintiffs' inability to receive a fair and impartial hearing before the NIHBA. Plaintiffs argue that the claims and evidence against Joseph Keim individually are identical to those raised against this defendant and the trial court's order to submit to arbitration may lead to a duplication of effort and inconsistent results. Plaintiffs also argue that the NIHBA is biased because the association is comprised of builders such as defendant and defendant's attorney was a second vice-president of the association when the arbitration commenced.

It is quite clear that the courts regard arbitration as a favored method of settling disputes. (*Kostakos v. KSN Joint Venture No. 1* (1986), 142 Ill. App. 3d 533, 536, 491 N.E.2d 1322; *Schutt v. Allstate Insurance Co.* (1985), 135 Ill. App. 3d 136, 144, 478 N.E.2d 644; *First Condominium Development Co. v. Apex Construction & Engineering Corp.* (1984), 126 Ill. App. 3d 843, 846, 467 N.E.2d 932.) Although one Illinois case has recognized that the factors of judicial economy and the desire to avoid the possibility of inconsistent results may permit the joinder and resolution of arbitrable and nonarbitrable claims by litigation (*J.F., Inc. v. Vicik* (1981), 99 Ill. App. 3d 815, 820, 426 N.E.2d 257), the general rule in Illinois is that arbitration agreements in multiparty litigation should be enforced despite the existence of claims which create the potential for duplicative proceedings (*J&K Cement Construction Co. v. Montalbano Builders, Inc.* (1983), 119 Ill. App. 3d 663, 674, 456 N.E.2d 889; *Iser Electric Co. v. Fossier Builders, Ltd.* (1980), 84 Ill. App. 3d 161, 166, 405 N.E.2d 439; *Galt v. Libbey-Owens-Ford Glass Co.* (7th Cir. 1967), 376 F.2d 711, 715-16). Moreover, where the issues and relationships are sufficiently interrelated and the result of arbitration may be to eliminate the need for court proceedings, submission of the disputes to arbitration meets the goals of judicial economy and of resolving disputes outside of the judicial forum. *Kostakos v. KSN Joint Venture No. 1* (1986), 142 Ill. App. 3d 533, 538, 491 N.E.2d 1322; see also *J&K Cement Construction Co. v. Montalbano Builders, Inc.* (1983), 119 Ill. App. 3d 663, 456 N.E.2d 889.

■ Here, it is apparent the issues and relationships are closely interrelated and plaintiff fails to demonstrate that the possibility of inconsistent results is likely. Plaintiffs also fail to provide any evidence of actual bias on the part of NIHBA, and its bare allegations of prejudice are insufficient to warrant a finding that the trial court erred in denying plaintiffs' motion to stay arbitration. Since the broad language of the arbitration clause clearly shows an intent by the parties

to settle disputes arising out of the contract through arbitration, we conclude that the trial court did not abuse its discretion in denying plaintiffs' motion and granting defendant's motion to compel arbitration.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.