# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Fahlstrom v. Jones*, 2011 IL App (1st) 103318

---

| | |
|---|---|
| Appellate Court Caption | GLENN FAHLSTROM, Plaintiff-Appellant, v. LAURENCE JONES and FAHLSTROM RESTAURANT GROUP, L.L.C., Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1–10–3318 |
| Filed | June 14, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a dispute over the alleged sale of plaintiff's interest in a restaurant to defendants, the trial court erred in denying plaintiff's motion to compel arbitration following the trial court's entry of a preliminary injunction against defendants, notwithstanding defendants' contentions that the sale of plaintiff's interest by way of an assignment to defendants was a separate contract that was not subject to the arbitration clause in the operating agreement the parties entered into when the restaurant business started and that a court, not an arbitrator, should decide if the assignment was enforceable, since plaintiff was challenging the validity of the assignment, not the existence of the arbitration clause in the operating agreement, and the validity of the assignment was within the scope of the operating agreement's arbitration clause and was a question for the arbitrator, not the court; therefore, the cause was remanded with directions to compel arbitration. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09–CH–15822; the Hon. Stuart E. Palmer, Judge, presiding. |

| Judgment | Reversed and remanded with directions. |
|---|---|
| Counsel on Appeal | Cox, Oakes & Associates, Ltd., of Schaumburg (Christopher D. Oakes, of counsel), for appellant. |
| | Morrison & Morrison, P.C., of Waukegan (Joseph T. Morrison, of counsel), for appellees. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Cunningham and Justice Karnezis concurred in the judgment and opinion. |

## OPINION

¶ 1      Plaintiff Glenn Fahlstsrom brought a complaint for declaratory judgment and injunctive relief against defendants Laurence Jones and the Fahlstrom Restaurant Group, L.L.C., alleging defendants refused to arbitrate a dispute over the alleged sale of plaintiff's interest in the Restaurant Group to Jones. Following a hearing, the circuit court of Cook County entered a preliminary injunction against defendants. Plaintiff then filed a motion to compel arbitration, which the circuit court denied. Plaintiff filed this appeal. For the following reasons, we reverse.

¶ 2                        JURISDICTION

¶ 3      The circuit court's interlocutory order denying plaintiff's motion to compel arbitration was entered on October 13, 2010. Plaintiff timely filed his notice of appeal from this order on November 12, 2010. This court has jurisdiction pursuant to Supreme Court Rule 307(a)(1) (eff. July 6, 2000), which allows interlocutory review of an order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." See, *e.g.*, *Bass v. SMG, Inc.*, 328 Ill. App. 3d 492, 496 (2002) (motion to compel arbitration is analogous to motion for injunctive relief).

¶ 4                        BACKGROUND

¶ 5      In 2005, plaintiff and Jones formed Fahlstrom Restaurant Group, L.L.C. (LLC), a limited liability company, for the purpose of operating a restaurant, Glenn's Diner and Seafood House, in Chicago. Plaintiff and Jones each had a 48.75% interest in the LLC, and the restaurant's chef, David Najman, had a 2.5% nonvoting interest. Under the LLC's operating agreement, plaintiff was to have day-to-day control and authority over the operation and

management of the restaurant.

¶ 6    The operating agreement contained a dispute resolution provision (section 7.9) under which "[a]ny dispute among the members, and any dispute between the company and any one or more of its members" was to be submitted to mediation, and subsequently, if mediation was unsuccessful, to arbitration. Another provision in the agreement (section 3.5) spelled out procedures for the purchase and sale of LLC membership interests in the event of a dispute so serious it required a member to withdraw from the company. A third section (section 5.5) prohibited the transfer or assignment of a member's interest "to any person other than the company without the unanimous consent of the members."

¶ 7    On April 2, 2009, plaintiff and Jones participated in what was apparently a contentious meeting at the restaurant. Accounts differed as to precisely what took place and what was said. However, it is undisputed that plaintiff and Jones signed an agreement (membership assignment) stating plaintiff was selling his interest in the LLC to Jones and waiving all claims for $1,000. Plaintiff acknowledges Jones gave him a check for $1,000. Later in the evening of April 2, plaintiff tore up the membership assignment in Jones's presence.

¶ 8    On April 14, 2009, plaintiff filed his complaint for declaratory judgment and injunctive relief claiming the membership assignment was invalid on grounds, *inter alia*, it failed to comply with sections 3.5 and 5.5 of the LLC operating agreement, and the consideration was grossly inadequate. Plaintiff sought preliminary injunctive relief to allow him to continue to operate the restaurant during the pendency of the dispute over his ownership interest. He also sought an order directing the parties to resolve the dispute pursuant to the mediation and arbitration provisions of the LLC operating agreement.

¶ 9    Following a hearing, the circuit court entered a preliminary injunction against defendants, enjoining them from interfering with plaintiff's management of the restaurant. The court found, among other things, that a fair question had been raised regarding the adequacy of consideration. The court noted, for example, that plaintiff was owed "a significant amount of deferred salary" (at least $90,000 to $100,000), and even Jones's expert valued plaintiff's interest in the LLC at $33,000, "or 33 times the amount proposed by Jones to purchase Plaintiff's interest."

¶ 10   Plaintiff subsequently filed a motion to compel arbitration pursuant to section 2(a) of the Illinois Uniform Arbitration Act (Arbitration Act) (710 ILCS 5/2(a) (West 2008)). Jones objected, arguing the April 2, 2009 membership assignment was a separate contract not subject to the arbitration clause in the LLC operating agreement. Jones also claimed the court, not an arbitrator, should decide if the membership assignment was enforceable. The circuit court denied plaintiff's motion to compel arbitration.

¶ 11                                ANALYSIS

¶ 12   Initially, the parties dispute the applicable standard of review. Plaintiff argues the circuit court's order should be reviewed *de novo*. Plaintiff notes there was no evidentiary hearing on the motion to compel arbitration and asserts the only question before the court was whether plaintiff had a right to arbitration as a matter of law. Defendants, on the other hand, argue the order should be reviewed for an abuse of discretion. Defendants note that plaintiff's

interlocutory appeal is brought pursuant to Supreme Court Rule 307(a)(1), and they assert such appeals are typically reviewed for an abuse of discretion. Defendants add that the circuit court held an evidentiary hearing on plaintiff's request for a preliminary injunction.

¶ 13 Where the circuit court does not make any factual findings or the underlying facts are not in dispute, the court's decision is based on a purely legal analysis, and the appellate court reviews the circuit court's denial of a motion to compel arbitration *de novo. Cohen v. Blockbuster Entertainment, Inc.*, 351 Ill. App. 3d 772, 776 (2004). Here, while there was an evidentiary hearing on plaintiff's request for a preliminary injunction, that is not the matter under appeal. There was no evidentiary hearing on plaintiff's motion to compel arbitration, and there is no indication the circuit court made factual findings or relied upon its prior preliminary injunction opinion in its decision to deny plaintiff's motion to compel arbitration. Accordingly, we review the circuit court's denial of this motion *de novo*.

¶ 14 The Arbitration Act empowers courts, upon application of a party showing an agreement to arbitrate, to compel or stay court action pending arbitration. 710 ILCS 5/2 (West 2008); *Bass*, 328 Ill. App. 3d at 496. Plaintiff argues the dispute over the validity of the membership assignment falls within the arbitration clause in the operating agreement, and the circuit court therefore erred in denying his motion to compel arbitration of his claims. According to plaintiff, section 7.9's arbitration clause is broad and generic, and includes within its scope the dispute at issue here.

¶ 15 Defendants counter that the dispute between the parties is not under the operating agreement, but instead involves the validity of the membership assignment, a subsequent agreement which contains no arbitration clause. In defendants' view, the dispute thus falls outside the arbitration clause in the operating agreement, and the circuit court correctly denied plaintiff's motion to compel arbitration.

¶ 16 The Arbitration Act "embodies a legislative policy favoring enforcement of agreements to arbitrate future disputes." *Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr*, 124 Ill. 2d 435, 443 (1988). " '[A]rbitration is a favored alternative to litigation by state, federal and common law because it is a speedy, informal, and relatively inexpensive procedure for resolving controversies arising out of commercial transactions.' " (Internal quotation marks omitted.) *Bass*, 328 Ill. App. 3d at 497 (quoting *Board of Managers of the Courtyards at the Woodlands Condominium Ass'n v. IKO Chicago, Inc.*, 183 Ill. 2d 66, 71 (1998)).

¶ 17 In keeping with this policy favoring arbitration, courts have generally construed "generic" arbitration clauses broadly, concluding that the parties are obligated to arbitrate *any* dispute that arguably arises under an agreement containing a "generic" provision. *Bass*, 328 Ill. App. 3d at 498. Arbitration clauses which have been properly characterized as "generic" include those demanding the arbitration of all claims or disputes "arising out of" or "arising out of or related to" or "regarding" the agreement at issue. *Bass*, 328 Ill. App. 3d at 498; *A.E. Staley Manufacturing Co. v. Robertson*, 200 Ill. App. 3d 725, 729 (1990); *J&K Cement Construction, Inc. v. Montalbano Builders, Inc.*, 119 Ill. App. 3d 663, 670 (1983). Here, the relevant language in section 7.9 of the operating agreement demands arbitration of "[a]ny dispute among the members, and any dispute between the company and any one or more of its members." While section 7.9 clearly applies to disputes under the operating agreement,

there is nothing expressly limiting it to disputes under that agreement. This language is at least as broad as, if not broader than, "arising out of or related to" a specific agreement, and is broad enough to be labeled "generic."

¶ 18 Where an agreement contains a generic arbitration clause, that clause covers a dispute arising under a subsequent agreement between the same parties if the original agreement and the subsequent agreement concern the same subject matter. *Staley*, 200 Ill. App. 3d at 730-31.

¶ 19 In *Staley*, an employee entered into a retirement benefits agreement with his employer. The agreement contained a generic arbitration clause. *Id*. at 729. The employee later entered into a second agreement with his employer providing for supplemental retirement benefits, but which contained no arbitration clause. A dispute then arose under the second agreement. The appellate court concluded the subject matter of both agreements was the same. *Id*. at 730. The court rejected the employer's argument that the agreements were unrelated and distinct, and concluded they must be read in conjunction with each other. *Id*. at 731. Accordingly, the court held that under the broad scope of the generic arbitration clause, the dispute under the second agreement was arbitrable. *Id*.

¶ 20 Here, the operating agreement contains provisions (section 3.5 and 5.5) dealing with sales and transfers of member interests. Section 3.5, for example, spells out procedures for the purchase and sale of LLC membership interests in the event of a dispute so serious it requires a member to withdraw from the company. In challenging the validity of the membership assignment, plaintiff claims it failed to comply with sections 3.5 and 5.5 of the operating agreement. These provisions relate to the subject matter of the membership assignment, which directly concerns a transfer of a member interest. The operating agreement and the membership assignment thus concern the same subject matter, such that the dispute over the validity of the membership assignment is within the scope of the arbitration clause in the operating agreement. See *Ozdeger v. Altay*, 66 Ill. App. 3d 629, 632 (1978) (holding subsequent oral agreement dealing with carpentry management was within scope of written contract's arbitration clause, which applied to "all disputes arising out of the subject matter of the contract, that is, the construction of plaintiffs' home").

¶ 21 The dispute over the validity of the membership assignment is arbitrable, and the circuit court erred in denying plaintiff's motion to compel arbitration. See *Donaldson*, 124 Ill. 2d at 445.

¶ 22 We are not persuaded by defendants' argument that it is the circuit court which is the proper forum to decide the validity of the membership assignment. Defendants assert the validity of a contract is a question of law and argue it should be decided by the court, not an arbitrator.

¶ 23 Defendants point to *Coady v. Harpo, Inc.*, 308 Ill. App. 3d 153 (1999), which held that a challenge to the validity of a confidentiality agreement which contained an arbitration clause was a matter of law for the court to decide, not an arbitrator. *Coady* emphasized that the plaintiff there challenged the underlying confidentiality agreement itself, not the arbitration agreement contained within it. In the case at bar, defendants appear to argue that because plaintiff does not attack the arbitration clause in the operating agreement, but instead

challenges the validity of the membership assignment, then just as the validity of the underlying confidentiality agreement in *Coady* was a question for the court, so also the validity of the membership assignment here is for the court, not an arbitrator, to decide.

¶ 24    Defendants' reliance on *Coady* is misplaced. In our view, the reasoning in *Diersen v. Joe Keim Builders, Inc.*, 153 Ill. App. 3d 373 (1987), is persuasive. There, similar to *Coady*, the plaintiffs' claim was directed toward the underlying contract as a whole and not solely against the arbitration clause contained within it.

¶ 25    In *Diersen*, the plaintiffs filed a complaint against a contractor alleging the defendant misrepresented that a property was suitable for construction of a single-family home. *Diersen*, 153 Ill. App. 3d at 375. The plaintiffs alleged fraud in the inducement and sought rescission of the contract based on that claim. *Id*. The defendant filed a motion to compel arbitration based on the terms of the contract, which required all claims or disputes relating to the contract to be settled by arbitration. *Id*. at 374-75. The circuit court granted the defendant's motion, and the plaintiffs appealed, arguing it was error for the court to order arbitration without first ruling on their rescission claim. *Id*. at 375.

¶ 26    The appellate court in *Diersen* noted that the Arbitration Act "requires the court to determine whether an agreement to arbitrate exists, where a party denies its existence, before ordering arbitration on the matter." *Id*. In *Diersen*, however, the plaintiffs did not deny the existence of the arbitration clause but, instead, asserted grounds to void the underlying construction contract. The court was not required to consider the merits of that claim before ordering arbitration. *Id*. The appellate court upheld the circuit court's decision to compel arbitration, noting that the plaintiffs' fraud claim was directed toward the contract as a whole and not solely against the arbitration clause. *Id*. at 376. The plaintiffs' claim was within the scope of the arbitration clause, and the circuit court was not required to resolve it before ordering the parties to submit to arbitration. *Id*.

¶ 27    Here, similar to *Diersen*, plaintiff is challenging the validity of the membership assignment, not the existence of the arbitration clause in the operating agreement. The issue of the validity of the membership assignment is within the scope of section 7.9 of the operating agreement, and is a question for the arbitrator, not the court.

¶ 28                                    CONCLUSION

¶ 29    Accordingly, for the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the cause with directions to compel arbitration.

¶ 30    Reversed and remanded with directions.