In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 13-2264

ROCIO GALVAN and JOSEPH HAWTHORNE,
individually and on behalf of a class, and
PEOPLE OF THE STATE OF ILLINOIS ex rel.
ROCIO GALVAN and JOSEPH HAWTHORNE,

*Plaintiffs-Appellants*,

*v.*

NCO PORTFOLIO MANAGEMENT, INC.,

*Defendant-Appellee*.

---

No. 13-2266

ROCIO GALVAN and JOSEPH HAWTHORNE,
individually and on behalf of a class, and
PEOPLE OF THE STATE OF ILLINOIS ex rel.
ROCIO GALVAN and JOSEPH HAWTHORNE,

*Plaintiffs-Appellants*,

*v.*

NCO FINANCIAL SYSTEMS, INC.,

*Defendant-Appellee*.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 11 C 4561 & 11 C 3918 — **Matthew F. Kennelly**, *Judge.*

ARGUED FEBRUARY 20, 2014 — DECIDED JULY 21, 2015

Before EASTERBROOK, MANION, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. For 40 years Illinois regulators and debt collectors have played a kind of cat-and-mouse game. The legislature has gradually expanded the scope of the business activities that trigger the requirements of the Illinois Collection Agency Act ("ICAA" or "the Act"), 225 ILL. COMP. STAT. 425/1 *et seq.*, and the industry has responded by finding ways to do business without engaging in those activities. The question in this case is whether passive debt buying was covered by the Act before the most recent revision in 2013. The district court said "no," but the Illinois Supreme Court recently held otherwise. In *LVNV Funding, LLC v. Trice* ("*Trice II*"), 32 N.E.3d 553, 559 (Ill. 2015), the state high court concluded that a passive debt buyer "clearly qualifies as a 'collection agency' as defined in section 3 of the Act." That holding resolves the sole issue in this appeal. We reverse and remand for further proceedings.

## I. Background

From June 2006 to June 2011, NCO Portfolio Management, Inc., purchased large quantities of Illinois consumers' defaulted debt and referred the collection of this debt to its sister corporation NCO Financial Systems, Inc., an Illinois-licensed debt collector, and also to outside attorneys, who are exempt from the ICAA. *See* 225 ILL. COMP. STAT. 425/2.03(5). NCO Portfolio carefully avoided direct collection activities and did not communicate with debtors or credit-reporting agencies, leaving those tasks to NCO Financial and outside counsel. As such, NCO Portfolio did not consider itself a "collection agency" subject to the registration requirement of the ICAA, *see id.* § 425/4, and did not in fact register with the licensing authorities. During this time period, NCO Financial engaged in various efforts to collect the debts NCO Portfolio referred to it, and outside lawyers filed 2,749 lawsuits on NCO Portfolio's behalf.

The named plaintiffs in this class action are two Illinois consumers whose debts NCO Portfolio bought and referred to NCO Financial or outside counsel for collection during the relevant time period. They sued in state court alleging that NCO Portfolio engaged in unlawful unlicensed debt collection in violation of the ICAA. NCO Portfolio removed the case to federal court under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d). In a second case filed in federal court following removal, the same plaintiffs alleged that NCO Financial violated the Act because it knew or should have known that NCO Portfolio was an unlicensed debt collector and could not lawfully collect debts in Illinois.

The district court consolidated the two cases and certified a class of Illinois consumers whose debts NCO Portfolio purchased and referred for collection to NCO Financial or outside counsel between June 8, 2006, and June 28, 2011. The defendants moved for summary judgment, arguing that NCO Portfolio was not a collection agency under the ICAA during the class period and thus was not required to register. The district judge agreed, relying in part on deposition testimony from a lawyer in the Illinois Department of Financial and Professional Regulation, the agency charged with enforcing the ICAA, who offered his opinion that the Act did not apply to passive debt buyers like NCO Portfolio until 2013, when it was amended to add an explicit definition of "debt buyer." The court entered judgment for the defendants, and the plaintiffs appealed. We heard oral argument and then held the case pending the Illinois Supreme Court's decision in *Trice II*.

## II. Discussion

The sole issue on appeal is whether NCO Portfolio was a collection agency under the ICAA and thus required to register during the relevant time period—June 2006 to June 2011. As originally briefed by the parties, the question was complicated by a series of amendments to the Act beginning in 2008. The state supreme court's decision in *Trice II* has greatly simplified matters. Still, a little history is helpful.

The ICAA regulates the activities of "collection agencies" operating in Illinois. Two separate statutory provisions bear on the meaning of that term. Section 2.02 defines the term "collection agency," and section 3 provides a list of discrete

acts that constitute "act[ing] as a collection agency." 225 ILL. COMP. STAT. 425/2.02, 3. Confusingly, the provisions are not synonymous, and neither the Act nor any decision of the Illinois Supreme Court clarifies the relationship between the two. (We'll address the import of *Trice II* in a moment.) Adding to the confusion, the provisions were revised in several important respects in 2008 and 2013. The general thrust of these amendments has been to expand the scope of the regulatory scheme.

Before 2008, section 2.02 defined "collection agency" as "any person, association, partnership, corporation, or legal entity who, *for compensation*, either contingent or otherwise, or for other valuable consideration, *offers services to collect an alleged delinquent debt*." § 425/2.02 (emphases added). This definition limited the Act's application to persons or entities offering collection services to others for compensation.

Section 2.03 provides that the ICAA "does not apply to persons whose collection activities are confined to and are directly related to the operation of a business other than that of a collection agency." § 425/2.03. This section goes on to list persons and entities that are specifically exempt, including licensed attorneys, public officials and judicial officers, and certain kinds of businesses (e.g., banks, insurance companies, retail stores acting on their own account). *Id.* As relevant here, the exemption language of the Act has remained the same.

Section 3 defines what it means to "act[] as a collection agency." Before 2008, this section provided as follows:

> A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it:
>
> …
>
> (b) Receives, by assignment or otherwise, accounts, bills, or other indebtedness from any person owning or controlling 20% or more of the business receiving the assignment, with the purpose of collecting monies due on such account, bill or other indebtedness; [or]
>
> …
>
> (d) Buys accounts, bills[,] or other indebtedness with recourse and engages in collecting the same; … .

§ 425/3.

Effective January 1, 2008, the legislature amended the definition of "collection agency" in section 2 and also added a definition of "debt collection." *See* An Act Concerning Regulation, 2007 Ill. Laws 6460, 6460. In relevant part, section 2 now provides:

> "Debt collection" means *any act or practice in connection with the collection of consumer debts*.
>
> "Debt collector", "collection agency", or "agency" means any person who, in the ordinary course of business, regularly, *on behalf of himself or herself or others, engages in debt collection*.

225 ILL. COMP. STAT. 425/2 (2008) (emphases added).

The 2008 amendments also removed the phrase "with recourse" from subsection 3(d). That subsection now states: "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it: … (d) Buys accounts, bills[,] or other indebtedness and engages in collecting the same." § 425/3.

The 2008 amendments thus eliminated any requirement that a collection agency offer services to collect debts *for others* for compensation. A business that buys consumer debt and engages in collecting it "acts as a collection agency" under section 3(d), and the amended section 2 clarifies that this includes acting on one's own behalf.

In 2013 the ICAA was amended again, adding an explicit definition of "debt buyer" to section 2. Effective January 1, 2013, the term "debt buyer" under the Act

> means a person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires a third-party for collection or an attorney-at-law for litigation in order to collect such debt.

§ 425/2. The 2013 amendments also added a provision explicitly stating that debt buyers "shall be subject to all of the terms, conditions, and requirements of this Act, except as otherwise provided for in subsection (b) of Section 8.6 of this Act." 225 ILL. COMP. STAT. 425/8.5. Section 8.6, in turn, provides that debt buyers need not comply with certain parts of the

regulatory scheme, such as the requirement to file a surety bond and maintain a trust account. *Id.* § 425/8.6.

In their original briefs, the parties debated whether a passive debt buyer like NCO Portfolio qualified as a collection agency under the ICAA *before* the 2008 amendments, *after* the 2008 amendments, or *never* during the class period (because the Act did not specifically define the term "debt buyer" until 2013). The debate centered on the relationship between the definitions in section 2 and the language in section 3, which explains what it means to "act[] as a collection agency" and includes the act of "buy[ing] … indebtedness and engag[ing] in collecting the same." § 425/3(d). The main interpretive question was whether section 3 expands the coverage of the Act beyond the definitions in section 2. Stated differently, the statutory puzzle was whether section 3 activity is independently sufficient to trigger the regulatory duties of the Act. Secondarily the parties debated the import of the 2008 amendment removing the "with recourse" language from subsection 3(d).

The Illinois Supreme Court's decision in *Trice II* resolves the interpretive issue, making it unnecessary for us to address the nuances of the parties' arguments. Although the court's holding is straightforward, the case has a convoluted procedural history and requires some unpacking.

Matthew Trice defaulted on his Citibank credit-card debt. Citibank sold the delinquent debt to LVNV Funding, LLC, which in turn hired an Illinois lawyer to collect it. *Trice II*, 32 N.E.3d at 556. The lawyer sued Trice and obtained a judgment in favor of LVNV. Trice, who was then proceeding

pro se, did not appeal. *Id.* Sometime later he hired a lawyer, who filed a petition to vacate the judgment, *see* 735 ILL. COMP. STAT. 5/2-1401, alleging that LVNV was a collection agency under the ICAA and had not registered as required by the Act, *Trice II*, 32 N.E.3d at 556. Trice's attorney argued that the judgment was void as an unlawful act of debt collection by an unregistered collection agency. The circuit court concluded that even if LVNV was a collection agency and thus required to register under the Act, its failure to do so did not render the judgment void. *Id.*

The Illinois Appellate Court reversed. The court held that if LVNV was in fact unlicensed, then the judgment was void. *Id.* at 556–57; *see also LVNV Funding, LLC v. Trice* ("*Trice I*"), 952 N.E.2d 1232, 1237 (Ill. App. Ct. 2011). The court said that a debt buyer acts as a collection agency when it purchases a debt and sues to collect it, and absent registration commits a crime when it does so. *Trice I*, 952 N.E.2d at 1237. The court remanded the case for a hearing to determine whether, as Trice alleged in his petition, LVNV was not registered at the time it filed suit. *Id.* The court also said that LVNV would be permitted to raise constitutional challenges to the ICAA on remand. *Id.*

Sure enough, on remand LVNV argued that parts of the Act were unconstitutionally vague and violated its rights to due process and equal protection, and the circuit court agreed. *Trice II*, 32 N.E.3d at 558. The court's constitutional ruling made the judgment directly appealable to the Illinois Supreme Court, *see* ILL. SUP. CT. R. 302(a)(1)), and Trice duly appealed to the state high court.

On February 27, 2015, the state supreme court vacated the circuit court's judgment, sidestepping the constitutional arguments and resolving the case on other grounds. *Trice II*, 32 N.E.3d at 558–59. First, the court held that LVNV qualified as a collection agency under the ICAA in two respects: (1) under subsection 3(b) as the "assignee" of Citibank; and (2) under subsection 3(d) as a "debt buyer," *id.* at 559 (or to use the statutory language, as an entity that "buys … indebtedness and engages in collecting the same," § 425/3(d)). "[I]n either case," the court said, "[LVNV] clearly qualifies as a 'collection agency' as defined in section 3 of the Act and is thus subject to the registration requirement of section 4." *Trice II*, 32 N.E.3d at 559.

Second, the state high court held that "any error in failing to register did not deprive the circuit court of jurisdiction." *Id.* at 563. As such, "the circuit court's judgment is not void … [and] the appellate court erred in reversing the circuit court's initial denial of Trice's section 2-1401 petition." *Id.* The court remanded with instructions to reinstate and confirm the judgment in favor of LVNV. *Id.* at 565. Rehearing was denied on May 26, 2015, and the opinion in *Trice II* became final on June 30, 2015. *See* ILL. SUP. CT. R. 368(a).

In light of *Trice II*, the original briefs in this case are now largely obsolete. The parties have filed Rule 28(j) letters agreeing that the state supreme court's decision in *Trice II* means that NCO Portfolio acted as a collection agency during the class period. We add our agreement to theirs. The state high court's decision makes it clear that passive debt buyers using third parties to collect the debt do indeed qualify as

collection agencies under section 3 of the Act—under *either* subsection 3(b) *or* subsection 3(d)—and this was so even before 2013, when the ICAA was amended to add a specific definition of "debt buyer" to section 2. (*Trice II* was decided under the pre-2013 version of the Act.)

In their Rule 28(j) letter, the defendants raise several reasons why they should nonetheless prevail, but these arguments are new and thus undeveloped and should be fleshed out in the district court in the first instance. A remand is in order.

Accordingly, based on *Trice II*, we hold that NCO Portfolio qualified as a collection agency under the ICAA during the class period. We REVERSE the judgment of the district court and REMAND for further proceedings.