2024 IL App (1st) 232226-U

No. 1-23-2226

Order filed September 27, 2024

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MICHAEL MOGAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2023 L 000004 |
| | ) | |
| KELLERMEYER GODFRYT HART, P.C., | ) | Honorable |
| SCOTT SAMMONS, BARRY LOVE, CRAIG | ) | Eve M. Reilly, |
| WALDEN, MARK ANDERSON, TRENT | ) | Judge, presiding. |
| STEWART, MICHAEL LOCIGNO and DOES | ) | |
| 1-100; and ROSCOE VILLAGE LOFTS | ) | |
| CONDOMINIUM ASSOCIATION, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Mikva and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's grant of defendants' motion to compel arbitration is affirmed where a valid arbitration agreement existed, the arbitration provision was not procedurally or substantively unconscionable, and plaintiff's claims were within the scope of the arbitration provision.

¶ 2    Plaintiff Michael Mogan appeals the circuit court's grant of defendants Kellermeyer Godfryt Hart, P.C., and Michael Locigno's motion to compel arbitration and to dismiss or stay legal proceedings. The issues on appeal are whether the circuit court erred in granting defendants'

motion to compel arbitration because (1) no valid arbitration agreement exists, (2) the arbitration provision is procedurally and substantively unconscionable, and (3) plaintiff's claims are outside the scope of the arbitration provision. Because the contract is properly signed and authenticated, the arbitration provision is not procedurally and substantively unconscionable, and plaintiff's claims are within the scope of the arbitration provision, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4      On October 4, 2019, Kellermeyer Godfryt Hart, P.C., entered into a contract with the Roscoe Village Lofts Condominium Association. The contract was signed on behalf of Kellermeyer by Michael Locigno, a senior principal at Kellermeyer, and by a representative of the Association, Pamela Chianelli. Pursuant to the contract, Kellermeyer agreed to perform architectural work on behalf of the Association related to the repair of the exterior of a building located at 1800 West Roscoe, Chicago, Illinois. The contract also contains an arbitration provision that provides as follows:

> "[A]ny claim, dispute or other matter in question arising out of or related to this Agreement subject to, but not resolved by, mediation shall be subject to arbitration which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules in effect on the date of the Agreement."

The arbitration provision applies to all employees of Kellermeyer, including Locigno:

> "The Owner and Architect, respectively, bind themselves, their agents, successors, assigns and legal representatives to this Agreement."

¶ 5        In January 2023, plaintiff Michael Mogan filed a derivative lawsuit on behalf of the Association against Kellermeyer, Locigno, and the individual board members of the Association "seeking to remedy the Defendants' violations of state law and breaches of fiduciary duties that arise out of an approximate $6.1 million special assessment upon the Roscoe Village Lofts for unnecessary repairs completed at 1800 W. Roscoe Street *** that have affected all shareholders of the [Association]." Plaintiff is a shareholder of the Association. Plaintiff's complaint contained claims of breach of fiduciary duty, professional negligence, negligent misrepresentation, unjust enrichment, and civil conspiracy against various defendants.

¶ 6        In June 2023, Kellermeyer and Locigno filed a motion to compel arbitration and to dismiss or stay legal proceedings. See 710 ILCS 5/2 (West 2022); 735 ILCS 5/2-619(a)(9) (West 2022). Attached to their motion was Locigno's affidavit certifying that on October 4, 2019, Kellermeyer entered into a written contract with the Association. A copy of the contract was attached to the affidavit. The circuit court granted defendants' motion to compel arbitration and stayed the case pursuant to section 2 of the Uniform Arbitration Act and the arbitration provision of the contract. 710 ILCS 5/2. This timely appeal followed. Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017).

¶ 7                                II. ANALYSIS

¶ 8        Plaintiff argues that the circuit court erred in granting defendants' motion to compel arbitration because (1) no valid arbitration agreement exists, (2) the arbitration agreement is procedurally and substantively unconscionable, and (3) plaintiff's claims are outside the scope of the arbitration agreement. Defendants contend that the circuit court did not err because a signed arbitration agreement between the parties exists, the arbitration provision is not procedurally or

substantively unconscionable, and plaintiff's claims are within the scope of the arbitration provision.

¶ 9    "An order granting or denying a motion to compel arbitration is injunctive in nature and is appealable under Rule 307(a)(1)." *Herns v. Symphony Jackson Square LLC*, 2021 IL App (1st) 201064, ¶ 14. "In an appeal pursuant to Rule 307(a)(1), the only issue is whether there was a sufficient showing to sustain the trial court's order granting or denying the relief sought." *Sturgill v. Santander Consumer USA, Inc.*, 2016 IL App (5th) 140380, ¶ 20. "A motion to compel arbitration is essentially a section 2-619(a)(9) motion to dismiss or stay an action in the trial court based on an affirmative matter, the exclusive remedy of arbitration." *Id.* ¶ 21. Therefore, we review a circuit court's ruling on a motion to compel arbitration without an evidentiary hearing *de novo*. *Clanton v. Oakbrook Healthcare Centre, Ltd.*, 2022 IL App (1st) 210984, ¶ 41, *modified on denial of reh'g* (Sept. 30, 2022). The scope of an arbitration provision is a question of contract interpretation that is also reviewed *de novo*. *Id.*

¶ 10    Under the Uniform Arbitration Act, "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon the grounds as exist for the revocation of any contract ***." 710 ILCS 5/1 (West 2022). Therefore, "[w]here there is a valid arbitration agreement and the parties' dispute falls within the scope of that agreement, arbitration is mandatory, and the trial court must compel it." (Internal quotation marks omitted.) *Bain v. Airoom, LLC*, 2022 IL App (1st) 211001, ¶ 20.

¶ 11                                    A. Existence of Arbitration Agreement

¶ 12    Plaintiff first argues that no valid arbitration agreement exists because the contract attached to Locigno's affidavit is unsigned and not authenticated. There can be no arbitration without a valid contract to arbitrate. *Tortoriello v. Gerald Nissan of North Aurora, Inc.*, 379 Ill. App. 3d 214, 226 (2008). The question of whether an arbitration agreement exists must be determined by the trial court, not the arbitrator. *CSC Partners Management, LLC v. ADM Investor Services, Inc.*, 2021 IL App (1st) 210136, ¶ 23. The defendant has the initial burden to present an affidavit to support the basis for the defendant's motion to compel arbitration if the basis is not apparent on the face of the complaint. *Hollingshead v. A.G. Edwards & Sons, Inc.*, 396 Ill. App. 3d 1095, 1101-02 (2009). If the defendant satisfies this initial burden, then the burden shifts to the plaintiff, who must provide his own affidavit "to refute evidentiary facts properly asserted by the affidavit supporting the motion [or] else the facts are deemed admitted." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993).

¶ 13    In his affidavit attached to defendants' motion to compel arbitration, Locigno certified that he had "personal knowledge of the facts set forth in this affidavit and [knew] the same to be true," that on "October 4, 2019, Kellermeyer [] entered into a written agreement with the Roscoe Village Lofts Condominium Association," and that attached to the affidavit was "a true, accurate, and signed copy of the Contract entered between Kellermeyer and the Association." Attached to the affidavit was an unsigned version of the contract, followed by a duplicate of the final page of the contract that was signed by both Locigno and the Association.

¶ 14    Plaintiff argues that the unsigned version of the contract and the duplicate signed final page of the contract are two separate contracts; however, nothing in the record supports that conclusion.

The signed and unsigned versions of the final page of the contract are identical, and Locigno certified in his affidavit that the attached contract was a true and accurate copy of the contract entered between Kellermeyer and the Association on October 4, 2019.

¶ 15     Plaintiff's argument that the contract is inadmissible hearsay also fails because contracts, being verbal acts, are not hearsay. See, *e.g.*, *Lundberg v. Church Farm, Inc.*, 151 Ill. App. 3d 452, 458-59 (1986); see also *Walker v. Du Page Housing Authority*, 2023 IL App (3d) 220525-U, ¶ 28. Defendants have satisfied their initial burden in support of their motion to compel arbitration, and because plaintiff has not provided any counter-affidavit, his argument that no valid arbitration agreement exists fails.

¶ 16                         B. Procedural and Substantive Unconscionability

¶ 17     Next, plaintiff contends that the arbitration provision of the contract is invalid because it is procedurally and substantively unconscionable. "[A]n arbitration agreement may be invalidated by a state law contract defense of general applicability, such as fraud, duress, or unconscionability ***." *Carter v. SSC Odin Operating Co.*, 2012 IL 113204, ¶ 18. "A finding of unconscionability may be based on either procedural or substantive unconscionability, or a combination of both." *Kinkel v. Cingular Wireless LLC*, 223 Ill. 2d 1, 21 (2006). "Procedural unconscionability refers to a situation where a term is so difficult to find, read, or understand that the plaintiff cannot fairly be said to have been aware he was agreeing to it, and also takes into account a lack of bargaining power." *Razor v. Hyundai Motor America*, 222 Ill. 2d 75, 100 (2006). "Substantive unconscionability concerns the actual terms of the contract and examines the relative fairness of the obligations assumed, asking whether the terms are so one-sided as to oppress or unfairly

surprise an innocent party." (Internal quotation marks omitted.) *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 60 (2011).

¶ 18    Plaintiff argues that the arbitration provision is procedurally unconscionable because the Association was not aware that the contract contained an arbitration provision. However, the arbitration provision is clearly stated within the contract, which a representative of the Association signed. A party signing a contract is presumed to know the contract's terms. *Schweihs v. Chase Home Finance, LLC*, 2016 IL 120041, ¶ 57. Plaintiff has provided no evidence that would rebut this presumption.

¶ 19    Additionally, plaintiff argues that the arbitration provision is substantively unconscionable because the arbitration would be prohibitively expensive for plaintiff. The party opposing arbitration has the burden of providing "some individualized evidence to show that [he] is likely to face prohibitive costs in the arbitration and that [he] is financially incapable of meeting those costs." *Bess v. DirecTV, Inc.*, 381 Ill. App. 3d 229, 241 (2008). However, this is a derivative lawsuit in which plaintiff is acting on the behalf of the Association. Thus, the question is not whether the arbitration provision is unconscionable as applied to plaintiff personally, but whether it is unconscionable as applied to the Association. See, *e.g.*, *Goldberg v. Astor Plaza Condominium Ass'n*, 2012 IL App (1st) 110620, ¶ 55, *modified on denial of reh'g* (May 4, 2012) (Unit owner bringing derivative suit on behalf of condominium association is "acting as the arms of the association to exercise that associational right"). Plaintiff has provided no evidence that the arbitration would be so prohibitively expensive for the Association that the arbitration provision is substantively unconscionable.

¶ 20    Plaintiff also argues that the arbitration provision is substantively unconscionable because it requires arbitration to be administered in accordance with the American Arbitration Association's Construction Industry Arbitration Rules rather than a less expensive alternative, the AAA's Home Construction Arbitration Rules. *Bain*, 2022 IL App (1st) 211001, ¶¶ 42-50. In *Bain*, the court held that the arbitration agreement was substantively unconscionable because it required arbitration to be conducted pursuant to the Construction Industry Arbitration Rules, which are "designed primarily for complex construction industry disputes," rather than the Home Construction Arbitration Rules, which have cheaper arbitration fees and are "designed specifically for home construction disputes between a homeowner and a home builder." (Internal quotation marks omitted.) *Id.* ¶¶ 42-43. However, *Bain* involved a simple home renovation dispute. Here, plaintiff's claims arise out of repairs costing $6.1 million on a large condominium building. This is a complex construction industry dispute for which use of the Construction Industry Arbitration Rules is perfectly appropriate.

¶ 21                    C. Scope of the Arbitration Provision

¶ 22    Finally, plaintiff argues that his claims do not fall within the scope of the arbitration provision of the contract. *Board of Managers of Chestnut Hills Condominium Ass'n v. Pasquinelli, Inc.*, 354 Ill. App. 3d 749, 754-55 (2004) ("Parties to an agreement are bound to arbitrate only those issues they have agreed to arbitrate, as shown by the clear language of the agreement and their intentions expressed in that language, and that an arbitration agreement will not be extended by construction or implication."). The arbitration provision in the contract states that "any claim, dispute or other matter in question arising out of or related to this Agreement subject to, but not resolved by, mediation shall be subject to arbitration." Courts have characterized arbitration

clauses containing such language as "generic" arbitration clauses. *Fahlstrom v. Jones*, 2011 IL App (1st) 103318, ¶ 17 ("Arbitration clauses which have been properly characterized as 'generic' include those demanding the arbitration of all claims or disputes 'arising out of' or 'arising out of or related to' or 'regarding' the agreement at issue."). "To determine the scope of a generic arbitration clause, a court should examine the wording of the clause along with the terms of the contract in which the clause is found." *Clark v. Foresight Energy, LLC*, 2023 IL App (5th) 230346, ¶ 26 (quoting *Keeley & Sons, Inc. v. Zurich American Insurance Co.*, 409 Ill. App. 3d 515, 520-21 (2011)). Generic arbitration clauses are construed broadly, with courts generally concluding that "the parties are obligated to arbitrate *any* dispute that arguably arises under an agreement containing a 'generic' provision." (Emphasis in original.) *Fahlstrom*, 2011 IL App (1st) 103318, ¶ 17; see also *Portage Park Capital, LLC v. A.L.L. Masonry Construction Co.*, 2024 IL App (1st) 240344, ¶¶ 17-20.

¶ 23    Under the contract, Kellermeyer was required to "prepare Design Documents for the Owner's approval consisting of drawings and other documents appropriate for the Project," to "submit to the Owner an estimate of the Cost of the Work," to "assist the Owner in obtaining bids or proposals and awarding and preparing contracts for construction," and to "advise and consult with the Owner" during the repair work to determine if the work is "being performed in a manner indicating that the Work, when fully completed, will be in accordance with the Contract Documents." All of plaintiff's claims against defendants arise out of or relate to the contract and the work Kellermeyer performed pursuant to the contract. Specifically, his claims are based on allegations that Kellermeyer and Locigno failed to conduct a reserve study, breached their architectural standard of care, were improperly paid for their work, and made misrepresentations

regarding the necessity of repair work on the condominium building, which resulted in the performance of unnecessary repairs.

¶ 24    Although plaintiff argues that his claims are outside the scope of the arbitration provision because they are tort claims rather than contract claims, this distinction is not dispositive. *Bass v. SMG, Inc.*, 328 Ill. App. 3d 492, 499 (2002) ("[W]e note that there is wide agreement among state and federal courts that the label assigned to a claim, whether it be 'tort' or 'contract,' is not dispositive of the question of arbitrability."). Despite being tort claims, because plaintiff's claims are significantly related to the contract and the services Kellermeyer and Locigno performed pursuant to the contract, they are within the scope of the contract's generic arbitration provision. *Id.* at 503 ("[T]ort claims with a 'significant relationship' or 'nexus' with the agreement containing a broad arbitration clause are arbitrable.").

¶ 25                                    III. CONCLUSION

¶ 26    The judgment of the circuit court of Cook County is affirmed.

¶ 27    Affirmed.